**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CONTINENTAL COAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 06-CV-2122-KHV-KGS |
| v. | ) | |
| | ) | |
| MATT CUNNINGHAM, | ) | |
| LAURA CUNNINGHAM AND | ) | |
| BOARD OF COUNTY COMMISSIONERS | ) | |
| OF LINN COUNTY, KANSAS, | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION**
**AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Plaintiff and defendants herein agree to the following Stipulation and Protective Order Governing the Production and Exchange of Confidential Information.

Plaintiff asserts claims against defendants alleging defendants have acted and conspired to deprive plaintiff of its constitutional and property rights and to tortiously interfere with plaintiff's contracts and its current and future business relationships and expectancies, and alleging other claims for which plaintiff seeks, in addition to other relief, compensatory and punitive damages and attorneys' fees. Certain documents and information have been and may be sought, produced or exhibited by and between the parties which relate to the parties' financial information, competitive information, personnel information, internal decisionmaking or other kinds of commercially sensitive information which the party making the production deems confidential. The parties believe that this Protective Order is necessary to protect the parties' confidential and proprietary information, and that to expedite the flow of discovery material and

to preserve the confidentiality of certain documents and information, this Order should be entered by the Court.

The Court has reviewed the terms and conditions of the Protective Order submitted by the parties and the Court hereby approves the Protective Order.  It is accordingly **ORDERED, ADJUDGED AND DECREED** as follows:

1.      **Definitions**

(a) "Confidential Information" shall mean any type or classification of information that is designated as such by the party producing the information whether such information be revealed during a deposition, contained in a document, or contained in any pleading, including, without limitation, interrogatory answers, responses to requests for admissions, briefs, or other papers prepared in connection with this litigation.  "Confidential Information" is any so-designated document, thing, material, testimony, or other derived information that is, includes, or constitutes information which the producing party has a good faith basis for contending (i) is not in the public domain (*i.e.*, not generally known and not reasonably ascertainable by proper means), and (ii) contains any trade secret or other confidential research, proprietary, personnel, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(7).

(b) "Document," whether used in the singular or plural, means any written, graphic or recorded matter, however produced or reproduced, in whole or in part, and whether an original or a copy, of any kind or description.

(c) "Producing Party" means any party to this action who responds to a discovery request or otherwise provides information to another party or the Court in connection with

this action, including Third Parties who agree to be bound by the terms of this Stipulation and Protective Order.

(d) "Qualified Person" means: (i) counsel for any party, and their paralegal, clerical, and secretarial employees engaged in the preparation for and trial of this action; (ii) employees, former employees, commissioners, directors, officers, members, managers and general or limited partners of the parties, or any subsidiary or affiliate thereof, who are assisting in this Litigation, or who appear as witnesses, and natural persons who are parties; (iii) independent third parties employed or consulted by any party and/or its counsel to assist in the preparation for and trial of this action, such as independent accountants, statisticians, economists, or other technical experts or consultants; (iv) the Court and its staff, other court personnel or members of the jury and (v) any other person who is designated as a "Qualified Person" by agreement of all parties or by Order of the Court.

(e) "Receiving Party" means any party who receives information from a Producing Party.

(f) "Third Party" means any person, association, partnership, corporation, or other entity that is not a party in this action. A Third Party that is requested to produce information or documents in this matter may become bound by and obtain the protection of this Stipulation and Protective Order by agreeing to do so in writing.

2.      **Designation of Information as "Confidential"**

(a)      To designate a Document as one containing Confidential Information, the Producing Party shall, before producing the document, mark each page thereof with the legend "CONFIDENTIAL" or by otherwise affixing to the thing produced a label with such designation.

(b)      To designate answers to interrogatories or answers to requests for admissions as containing Confidential Information, the Producing Party shall mark each page thereof with a legend indicated above in subparagraph 2(a).

(c)      The transcript and all exhibits to the depositions of (i) a party, (ii) a party's present or former officers, directors, employees, or agents, or (iii) an independent expert retained by a party for purposes of this litigation shall be treated as containing Confidential Information.

(d)      In the event a Producing Party elects to produce large volumes of files and records for inspection and a Receiving Party desires to inspect such files and records, in order to facilitate prompt discovery, no designations of confidentiality need be made by the Producing Party in advance of the initial inspection.  For purposes of the initial inspection, all Documents within the produced files and records shall be treated as Confidential Information.  Thereafter, upon selecting by a Receiving Party of specified Documents for copying, the Producing Party shall mark the copies of such Documents that contain Confidential Information with a legend referred to above in subparagraph 2(a).

(e)      In the event that a Producing Party produces files and records in electronic form, the Producing Party shall simultaneously provide a schedule of such files and records containing a designation of those which contain Confidential Information.  In the event that any such files or records are thereafter printed out in hard-copy by the Receiving Party, the Receiving Party

shall affix on each page thereof a label with such designation as is contained on the schedule provided by the Producing Party.

(f)     The inadvertent failure by a Producing Party to designate a Document or testimony as Confidential Information shall not constitute a waiver of such Producing Party's right to so designate the Document or testimony when the error is discovered.  Such designation shall be effective when communicated in writing to counsel for the Receiving Party.

(g)     Inadvertent failure by a Producing Party to assert any applicable privilege shall not constitute a waiver of such privilege.  Notification in writing by a Producing Party that a Document subject to the assertion of a privilege has been inadvertently produced shall be served upon counsel for each party that has received such Document.  Upon such notification, the Receiving Party shall immediately take all steps necessary to prevent disclosure of such document to anyone other than counsel of record for the Receiving Party, even if counsel of record for Receiving Party disputes the assertion of privilege.

(h)     This Stipulation and Protective Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Information for any purpose.  Nothing herein (i) shall prevent a party from disclosing information produced by a Producing Party to that Producing Party or to officers, directors, agents, or employees of that Producing Party; or (ii) shall impose any restrictions on the use or disclosure by a party of documents, materials, or information designated as Confidential Information obtained lawfully by such party independently of the discovery proceedings in this Litigation.

3.      **Use of Confidential Information**

If any party wishes to disclose any Confidential Information in any affidavits, briefs, memorandum of law or other papers filed in the Court in this litigation, and the Producing Party does not consent in good faith to the disclosure of the Confidential Information documents or testimony, the party filing or presenting the pleading or document must file a motion for leave to file the pleading or document under seal on or prior to the deadline to file or present the pleading or document.  The motion for leave to file under seal shall be filed electronically without attachment of the pleading or document proposed to be filed under seal.  The filing party shall also submit the motion for leave to file under seal, along with the pleading or document proposed to be filed under seal, in conventional format to the chambers of the assigned magistrate or district judge along with a proposed order.   The filing party shall also serve upon all counsel of record electronically or via facsimile the pleading or document proposed to be filed under seal.   The Producing Party shall have ten (10) days from the filing of the motion for leave to file under seal to file any response to the motion.    The burden of proof and persuasion shall be on the Producing Party to demonstrate to the Court a public or private harm sufficient to justify the sealing of the documents or testimony it designated as Confidential Information.

4.      **Restrictions on Use of Confidential Information**

(a)      Information designated as Confidential Information pursuant to the Stipulation and Protective Order shall be used only for the purposes of this litigation and shall not be publicized, revealed, or otherwise made available to any person other than a Qualified Person. This Stipulation and Protective Order not only prohibits the disclosure of documents or testimony containing Confidential Information, but also prohibits revealing such information in any way to any person not qualified hereunder to receive such information.

(b)     Confidential Information shall be revealed to a Qualified Person other than counsel and counsel's current employees to the extent permitted herein only if and after such person has read and agreed in writing to be bound by the provisions of this Stipulation and Protective Order by executing the Written Assurance attached hereto as Exhibit A.

(c)     The rules governing the use of Confidential Information at trial shall be determined at a future date.  Nothing in this Order shall be construed as consent by either party to the presentation to a jury at trial of any document with the notation "Confidential" or to any statement to a jury that any document had been marked "Confidential."

5.     **Objection to Designation of Confidentiality**

(a)     A Receiving Party shall be obligated to raise any challenge to the propriety of a designation of confidentiality or privilege.  A Receiving Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any objection to a designation of confidentiality shall be made in writing to counsel for all parties.  Upon receipt of such objection, the interested parties shall confer in an effort to resolve the objection.

(c)     If the parties are unable, after conferring in good faith, to resolve the disputed designation, and either party declares an impasse in writing, the party objecting to the designation shall have 10 days from the declaration of impasse to file a motion with the Court. The burden of proof and persuasion shall be on the Producing Party to demonstrate to the Court that the documents, information or testimony disclosed should be treated as Confidential Information.  Until the Court rules on such a motion, the document shall be temporarily treated

as Confidential Information in accordance with the designation placed thereupon by the Producing Party pursuant to this Order. The 10-day period shall run from notice in writing, with reference to Paragraph 5 of the Stipulation and Protective Order, by either party that the disputed designation cannot be resolved without the Court's intervention.

6.      **Disposition of Confidential Information Following Conclusion of Litigation**

(a)      The confidentiality of material produced in this litigation and designated as confidential under the Stipulation and Protective Order is to be preserved both during and after final disposition of this litigation. Within sixty (60) days after the final disposition of this litigation, the Producing Party shall instruct the Receiving Parties whether materials containing Confidential Information should be returned or destroyed. Said instructions shall be complied with within thirty (30) days.

(b)      The "return or destruction" requirements shall also apply to Documents containing Confidential Information in the possession of Qualified Persons.

(c)      Notwithstanding the foregoing, each counsel may retain in his or her file one copy of all discovery requests, and all Documents filed with the Court in connection with this action, whether or not such Documents contain Confidential Information.

7.      **Depositions**

(a)      All depositions that contain Confidential Information shall be so designated by marking on their front cover by the court reporter.

(b)      This paragraph 7(c) shall govern the use of documents and information designated as Confidential Information during discovery and pretrial depositions.

(i)      A witness appearing for a deposition may be provided access to documents or information designated as Confidential Information provided that such person:

(A)      is a current or former employee, officer, agent or member of the producing party or is a witness designated to testify for the producing party at a Rule 30(b)(6) deposition;

(B)      authored or received the particular document or information sought to be disclosed to that person; or

(C)      is someone as to whom the producing party agrees to permit such disclosure in writing or on the record at the deposition.

(ii)     To the extent disclosure is to be made at deposition to any witness not authorized in subparagraph (i) above, before disclosing Confidential Information to a witness, the party seeking to make the disclosure shall give at least five business days advance notice to the counsel who designated such information as Confidential Information, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents and information to be disclosed, and stating the purposes of such disclosure.  If, within the five business day period, written notice of objection to the proposed disclosure is provided to the party wishing to make the disclosure, then disclosure is not permissible without leave of Court.

8.    **Interrogatories**

If a party answering an interrogatory believes that its answer contains Confidential Information, it shall set forth that answer in a separate document that is produced and designated as Confidential Information in the same manner as indicated above in subparagraph 2(a).  The answers to interrogatories should make reference to the separately-produced document containing the answer, but such document should not be attached to the interrogatories.  Such separate document shall be deemed to be verified by the signature of the responding party on the interrogatory answer.

9.    **Electronic Discovery**

(a)    The following additional provisions shall be applicable to any electronic data produced subject to the terms of this Protective Order.  The receiving party shall use such data solely for the purposes of this litigation and no other and shall, upon the termination of this litigation return the original electronic media (and any copies thereof) to the producing party and shall delete such data from any computer upon which the data may have been loaded.  Nothing in the foregoing shall be deemed to preclude the receiving party from making reports, taking screen prints or creating simulations using such data for the purpose of this litigation, but any such work product shall be deemed to have the highest level of confidentiality designation as applicable to any data from which it came, and subject to the terms of this Order.

(b)    The following additional provisions shall be applicable to any computer software produced subject to the terms of this Protective Order.  The receiving party shall use such software solely for the purposes of this litigation and no other and shall, upon the termination of this litigation return the original software media to the producing party and shall delete such software from any computer upon which the software may have been loaded.   The receiving

party shall not make additional copies or reproductions thereof nor shall such party disassemble or reverse engineer such software.   Nothing in the foregoing shall be deemed to preclude the receiving party from making reports, taking screen prints or creating simulations using such software for the purpose of this litigation, but any such work product shall be deemed to have the highest level of confidentiality designation as applicable to any data from which it came and subject to the terms of this Order.

10.   **Miscellaneous**

(a)     Nothing in this Stipulation and Protective Order shall prevent a Producing Party from seeking further, greater, or lesser protection with respect to the use of any Confidential Information, either before or after producing such information.

(b)     Nothing in this Stipulation and Protective Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at a trial of this action. Nothing in this Stipulation and Protective Order shall preclude any party from seeking an Order of the Court governing the protection and handling of Confidential Information at trial.

(c)     Any Producing Party shall be entitled to all remedies existing under law and equity in the event of any unauthorized disclosure of Confidential Information, or any other breach or violation of this Stipulation and Protective Order, by either a Receiving Party or any person to whom a Receiving Party has disclosed Confidential Information in violation of the Stipulation and Protective Order.

(d)     The terms of this Protective Order shall not terminate at the conclusion of this litigation, but shall continue in full force and effect.  Any party to this Protective Order may seek leave to reopen the case to enforce provisions of this Protective Order after the case is terminated upon final disposition of the case.

(e)     The procedures established by this Stipulation and Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court regarding issues addressed herein.  This Stipulation and Protective Order are without prejudice to the right of any party to apply to the Court at any time for modification or exception to this Stipulation and Protective Order.

(f)     The parties hereto shall be entitled to rely upon and shall be bound by this Stipulation and Protective Order when it has been signed by the parties and their counsel, whether or not this Stipulation and Protective Order has been signed by the Court.

(g)     If any person receiving documents covered by this Stipulation and Protective Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to the litigation, seeking material which was produced or designated as Confidential Information by someone other than the Receiver, the Receiver shall give prompt actual written notice, by hand delivery or facsimile transaction within seventy-two hours of receipt of such subpoena, demand or legal process, to those who produced or designated the material Confidential Information and shall object to its production to the extent permitted by law. Should the person seeking access to the Confidential Information take action against the Receiver or anyone else covered by this Stipulation and Protective Order to enforce such a subpoena, demand or other legal process, the Receiver shall respond by setting forth the existence of the Stipulation and Protective Order.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Protective Order to challenge or appeal any order requiring production of Confidential Information covered by the Stipulation

and Protective Order, or to subject himself or itself to any penalties for non-compliance with any

legal process or order, or to seek any relief from this Court.

IT IS SO ORDERED.

Dated this 30th day of March, 2007, at Topeka, Kansas.


s/ K. Gary Sebelius

K. Gary Sebelius
U.S. Magistrate Judge

**EXHIBIT A**

## WRITTEN ASSURANCE

_____ declares that:

     I reside at _____, in the City of _____, County of _____, in the State of _____.

     I have read the Stipulation and Protective Order of record in *Continental Coal, Inc. v. Matt Cunningham, Laura Cunningham, and Board of County Commissioners of Linn County, Kansas,* Case No. 06-CV-2122-KHV-KGS, in the United States District Court for the District of Kansas.

     I agree to comply with and be bound by the provisions of the Stipulation and Protective Order and hereby submit myself to the jurisdiction of the United States District Court for the District of Kansas for the purposes of enforcement of the Stipulation and Protective Order.

     I will keep in confidence, and will not divulge to anyone other than those permitted to have access under the terms of the Stipulation and Protective Order or copy or use except solely for the purposes of that action, any documents, testimony, or other information designated as Confidential Information pursuant to the Stipulation and Protective Order.

     I declare under penalty of perjury that the foregoing is true and correct.  Executed this ____ day of _____, 200__.

                                    _____