**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CONTINENTAL COAL, INC.,**

                **Plaintiff,**

**v.**                                          **Case No. 06-2122-KHV**

**MATT CUNNINGHAM,** *et al.***,**

                **Defendants.**

_____

## ORDER

This matter comes before the court upon defendant Board of County Commissioners of Linn County Kansas' (Linn County) Motion to Compel Discovery and For Extension of Expert Disclosure Deadline (Doc. 72). Plaintiff has responded (Doc. 80), to which defendant Linn County has replied.

Fed. R. Civ. P. 26(b)(5) governs the parties' withholding of information due to privilege. Specifically, Fed. R. Civ. P. 26(b)(5) states:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to access the applicability of the privilege or protection.

"The information provided [in a privilege log] must be sufficient to enable the court to determine

whether each element of the asserted privilege or protection is satisfied."[1] Indeed, "[a] failure of proof as to any element of the privilege causes the claim of privilege to fail."[2] Courts in the District of Kansas have required a privilege log to contain the following information:

1. A description of the document emplaning whether the document is a memorandum, letter, e-mail, etc.;
2. The date upon which the document was prepared;
3. The date of the document (if different from #2);
4. The identity of the person(s) who prepared the document;
5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including any evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"
6. The purpose of preparing the document, including any evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course and scope of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;"
    a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and

    a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"
7. The number of pages of the document;
8. The party's basis "for withholding discovery of the document (i.e. the specific privilege or protection being asserted); and
9. Any other pertinent information necessary to establish the elements of each asserted privilege.[3]

"The law is well-settled that, if a party fails to make the required showing, by not producing a

---

[1] *In re Universal Serv. Fund. Tel. Billing Practices Litig.*, 232 F.R.D. 669, 673 (D. Kan. 2005); *Employees Reinsurance Corp. v. Claredon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D. Kan. 2003);

[2] *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995)(citation omitted).

[3] *See In re Universal Serv. Fund. Tel. Billing Practices Litig*, 232 F.R.D. at 673; *McCoo v. Denny's Inc*, 192 F.R.D. 675, 680 (D. Kan. 2002); *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995).

privilege log or by *providing an inadequate one*, the court may deem the privilege waived."[4] However, "minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances bear against finding waiver."[5]

Here, it is clear that plaintiff Continental Coal Inc.'s (CCI) privilege log is inadequate. Each entry in CCI's privilege log merely lists a description of the document, the date prepared, the identity of the person who prepared the document, the identity of the person for whom the document was prepared, the purpose of preparing the document, the number of pages and the privilege claimed.[6] CCI has failed to fulfill the District of Kansas' requirements by not listing a *specific* privilege or protection asserted and by not providing any other pertinent information necessary to establish the elements of each asserted privilege, respectively (8) and (9) listed above. CCI's claimed privilege is identical for each monthly billing statement and recites, "Attorney/client communication and work product doctrine for communications made in professional confidence, evidencing the mental impressions, conclusions, opinions or legal theories of the attorney, or otherwise privileged."[7] The court finds this repeated assertion to be, in effect, a "blanket claim", which is prohibited in the District of Kansas.[8]

Because CCI has chosen to repeatedly assert such broad privilege, the court is unable to determine precisely what privilege is claimed and if it is, indeed, applicable. Moreover, the

---

[4] *In re Universal Serv. Fund. Tel. Billing Practices Litig*, 232 F.R.D. at 671 (citing *Employers Reinsurance Corp. v. Calredon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D. Kan. 2003))(emphasis added); *Haid v. Wal-Mart Stores, Inc.*, 99-4186-RDR, 2001 U.S. Dist. LEXIS 10564 at * 3-4 (D. Kan. June 25, 2001).

[5] *In re Universal Serv. Fund. Tel. Billing Practices Litig*, 232 F.R.D. at 671-72.

[6] Memorandum in Support (Doc. 73) at Exhibit 5.

[7] *Id.*

[8] *ERA Franchise Systems, Inc., v. Northern Insurance Company,* 183 F.R.D. 276, 279 (D. Kan. 1988)(stating "A 'blanket claim' as to the applicability of a privilege does not satisfy the burden of proof").

court finds it highly unlikely that the same alleged privilege covers *every* claim made in the voluminous attorney billing statements.  Further, the court will not speculate as to each individual redaction what may or may not actually be privileged.  Even if the court had been given a specific privilege claimed, it would be impossible to determine if the elements of the claimed privilege have been satisfied as CCI neither listed the elements of the privilege nor provides relevant facts as context to apply the elements.  In sum, upon review of the unredated billing statements and the privilege log, the court finds the log deficient because its fails to provide the necessary information to determine, first, the privilege asserted and second, whether the elements of either the attorney-client privilege or the work product protection have been met.

While the court could find that plaintiff CCI has waived its claims of privilege due to the insufficiency of its privilege log, "[i]n the absence of bad faith on the part of [the non-moving party] in preparing the . . . privilege log, . . . the Court will decline to find waiver" and instead require the non-moving party to supplement its privilege log.[9]

Therefore, an updated privilege log shall be forwarded to the court for an *in camera* review by **November 16, 2007**.  This privilege log shall provide the court a line-by-line analysis of (1) specifically what privilege is asserted, (2) the elements of each privilege and (3) analysis of why each element is satisfied.  This privilege log shall be provided for an *in camera* review to alleviate any concerns of revealing privileged information.

Should CCI itself, upon its own review, find earlier redactions were made in error, *i.e.* no privilege applies, it shall forward any amended versions of such billing statements to defendant

---

[9] *Heavin*, 2004 U.S. Dist. LEXIS 2265 at *23.

Board of County Commissioners of Linn County, Kansas and the undersigned chambers by **November 16, 2007.** These affirmative steps would be met with favor by the court in making any further determinations regarding this dispute.

**IT IS THEREFORE ORDERED** that plaintiff Continental Coal Inc. shall prepare and produce to the court an updated privilege log by **November 16, 2007.** This amended privilege log shall contain a **line-by-line** detailed description of information in dispute, the specific privilege claimed and precise reasons for its claim of protection from disclosure. The amended privilege log shall include, at a minimum, the following information:

1. A description of the document emplaning whether the document is a memorandum, letter, e-mail, etc.;
2. The date upon which the document was prepared;
3. The date of the document (if different from #2);
4. The identity of the person(s) who prepared the document;
5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including any evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"
6. The purpose of preparing the document, including any evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course and scope of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;"
    a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and
    a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"
7. The number of pages of the document;
8. The party's basis "for withholding discovery of the document (i.e. the specific privilege or protection being asserted); and
9. Any other pertinent information necessary to establish the elements of each asserted privilege.

In the alternative, CCI may agree to send amended billing statements to defendant Linn County and the undersigned, if it finds earlier redactions were made in error. If plaintiff chooses to send

amended billing statements, it is still under the obligation to supplement its privilege log to the extent redactions remain.

**IT IS FURTHER ORDERED** that Continental Coal Inc. may suffer waiver of the attorney-client privilege, work product protection or any other asserted privilege if it does not comply fully with the directives of this order.

**IT IS SO ORDERED.**

Dated this 2nd day of November, 2007, at Topeka, Kansas.

>    s/ K. Gary Sebelius
>    K. Gary Sebelius
>    U.S. Magistrate Judge