## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CONTINENTAL COAL, INC.,

                Plaintiff,

v.                                      Case No. 06-2122-KHV

MATT CUNNINGHAM, *et al.*,

                Defendants.

_____

## <u>ORDER</u>

       This matter comes before the court upon defendant Board of County Commissioners of Linn County's (Linn County) Second Motion to Compel (Doc. 74). Plaintiff Continental Coal, Inc. (CCI) has filed a timely response (Doc. 82), to which Linn County has replied (Doc. 90). Specifically, defendant seeks an order from the court compelling CCI to produce copies of its federal and state income tax returns from 1995 to present and reasonable attorneys' fees and expenses incurred in making the instant motion. The issues are now joined and ready for disposition.

### I.      Background

       Plaintiff CCI filed it Complaint in the United States District Court for the District of Kansas on April 3, 2006.[1] This action arises out of changes made by defendant Linn County to plaintiff's Conditional Use Permit (CUP) for coal mining operations at the Lucky Strike coal

_____

[1] Plaintiff's Complaint (Doc. 1) at 41.

mine located in Linn County.[2]  In its Complaint, plaintiff alleged violations of its due process and equal protection rights under the Fourteenth Amendment and sought declaratory and injunctive relief along with damages (including punitive damages), cost and attorneys' fees.[3]  On March 2, 2007, Judge Vratil dismissed plaintiff's procedural due process claims.[4]  CCI's remaining claims are: that Linn County violated CCI's right to equal protection of the laws by not uniformly applying the Linn County zoning regulations to both CCI and the Cunningham defendants; that Linn County and the Cunninghams conspired to deny equal protection to plaintiff's rights under 42 U.S.C. § 1983; that both Linn County and the Cunninghams tortiously interfered with contracts, business relationships, and prospective business relationships and engaged in abuse of process in the Linn County lawsuit; and that the Cunninghams engaged in malicious prosecution.[5]  On May 14, 2007, plaintiff filed its Amended Complaint, wherein it seeks the same damages as in its original Complaint.[6]  In its initial disclosures, plaintiff reaffirms "it is seeking not only declaratory and injunctive relief, but also compensatory damages."[7]  In email correspondence between counsel for all parties, plaintiff's counsel states that CCI is seeking a variety of damages, including "lost profits (which largely pertains to attorneys' fees), lost business opportunities, devaluation of assets and devaluation of the permits."[8]

---

[2] *Id.*. at 3.

[3] *Id.* at 30-38.

[4] *See* Memorandum and Order (Doc. 44) at 36.

[5] *Id.*

[6] First Amended Complaint (Doc. 57).

[7] Second Motion to Compel by Defendant Board of County Commissioners of Linn County, Kansas (Doc. 74) Ex. 1 at p. 6.

[8] *Id.* at Ex. 4 at p. 2.

The instant dispute arises out of a discovery request made by defendant Linn County on June 14, 2007, in its First Request for Production of Documents, where it sought, "All federal and state tax returns of Continental Coal, Inc. from 1995 to present."[9]  On July 17, 2007, CCI objected to this request stating it was overbroad and the information sought was neither designed nor calculated to lead to the discovery of admissible evidence.[10]  To date, plaintiff has refused to produce any state or federal tax returns.

## II.    Parties' Contentions

Defendant Linn County argues that plaintiff CCI's state and federal tax returns from 1995 to present are relevant because plaintiff has stated it is seeking to recover damages for lost profits, and plaintiff's income tax returns would be highly probative information concerning plaintiff's financial status before and after the alleged acts by defendants that gave rise to plaintiff's suit.  Furthermore, Linn County claims the information contained in the tax returns is not otherwise readily obtainable as CCI is a privately held corporation with no publicly available statements of its financial condition, and plaintiff has failed to identify any alternative source of financial information concerning its operations.  Finally, Linn County argues that its request is not overbroad as historic tax documents will reflect CCI's performance over time and may offer alternative causes of any losses that are unrelated to defendant's alleged conduct.

As a procedural matter, CCI claims that Linn County has not adequately conferred with plaintiff's counsel concerning the matter of the dispute prior to filing the current motion, as required by D. Kan. Rule 37.2.

---

[9] *Id.* at Ex. 2 at p. 4.

[10] *Id.*

In turn, plaintiff has refused to disclose its state and federal income tax returns, contending they are not relevant to the existing claims.  Further, plaintiff contends that the information contained in its tax returns is not sufficiently specific to be relevant to CCI's alleged damages, because CCI operates several mines and only one, the Lucky Strike Mine, is affected by the defendant's alleged wrongdoing.  Also, CCI claims that it has identified witnesses and produced its fee statements as alternative sources from which the damages information is readily obtainable.

## III.    Analysis

### A.    Certification

As an initial matter, the court considers whether defendant has satisfied the good faith certification requirement.  Fed. R. Civ. P. 37(a)(2)(B) requires that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."[11]  Thus, "[b]efore filing a motion, the movant must make reasonable efforts to confer."[12]  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[13]  "It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[14]  "When a party certifies compliance with conference requirements, whether by a separate document or within the motion and supporting memoranda, it should set

---

[11] Fed. R. Civ. P. 37(a)(2)(B).  *See also* D. Kan. R. 37.2 (stating that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute").

[12] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 458 (D. Kan. 1999).

[13] D. Kan. R. 37.2.

[14] *Id.*

forth with particularity the steps taken to resolve the dispute."[15]

The court finds that the parties have adequately conferred. Counsel for defendant Linn County and plaintiff's counsel exchanged a series of emails discussing the applicable law before defendant filed its motion to compel.  It is clear from the email exchange that counsel held drastically different views regarding whether the tax returns were discoverable.  The court further finds that defendant's certification contains enough  facts to describe sufficiently and identify the steps taken by the parties to resolve this discovery dispute.

### B. Discovery Standards

The scope of discovery is governed by Fed. R. Civ. P. 26(b), which provides that

"[p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[16]

Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action.[17]  The decision to grant a motion to compel is a matter of discretion for the court.[18]

### C.    Relevancy Objection

In its First Request for Production, defendant Linn County is seeking CCI's state and federal tax returns from 1995 to present.  CCI has objected to the request claiming the tax returns

---

[15] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ.A. 98-2183, 1999 U.S. Dist. LEXIS 8908 (D. Kan. June 8, 1999).

[16] Fed. R. Civ. P. 26(b)(1).

[17] *Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D. Kan. 1991).

[18] *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986).

are not relevant, nor reasonably calculated to lead to the discovery of relevant information.

Public policy protects against the production of tax returns.[19]  Although courts do not favor compelling production of tax returns, no absolute privilege precludes their discovery.[20] The District of Kansas applies a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.  "First, the court must find that the returns are relevant to the subject matter of the action.  Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."[21]  "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable."[22]

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[23]  When relevancy is *not* readily apparent, however, the party seeking discovery has the burden of showing the relevancy of the discovery

---

[19] *Hilt v. SFC, Inc.,* 170 F.R.D. 182, 189 (D. Kan. 1997).

[20] *Id.*

[21] *Id.* (citing *Audiotext Communications Network, Inc. v. US Telecom, Inc.,* No. 94-2395-GTV, 1995 WL 625962, at *11 (D. Kan., Oct. 5, 1995)).

[22] *Id.*

[23] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

request.[24]  A request for discovery should ordinarily be allowed unless it is clear that the

information sought can have no possible bearing on the subject matter of the action.[25]  Upon

review of the record, the court finds the relevancy of plaintiff's tax returns *is* readily apparent.

As already discussed, "Relevancy is broadly construed at the discovery stage of litigation and a

request for discovery should be considered relevant if there is any possibility the information

sought may be relevant to the subject matter of the action."[26]  Courts have often held that income

tax returns are relevant when a plaintiff places its income at issue by seeking compensatory

damages.[27]  The court finds that by seeking compensatory damages, CCI has put its income

directly at issue in this case.  Because tax returns provide information concerning the plaintiff's

financial status and income, they are relevant to the issue of compensatory damages.  Even

though plaintiffs alleged monetary damages stem, in large part, from attorneys' fees incurred to

pursue this action, plaintiff also makes claims of lost profits and lost business opportunities.

While they may be relatively small when compared to the whole amount of damages claimed,

they are included nonetheless.  The court will not allow plaintiffs to make a claim for lost profits,

then refuse to produce information to support its assertions.

---

[24]*Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citing *Evello Invs. N.V. v. Printed Media Servs.,* 1995 U.S. Dist. LEXIS 4069).

[25]*Id.*

[26] *Smith,* 137 F.R.D. at 27.

[27] *Audiotext Communications Network, Inc.*, 1995 WL 625962, at *4 (stating that income tax returns "appear relevant to calculation of damages and determining lost profits); *Harris Market Research, Inc., v. Marshall Marketing & Communications, Inc.,* No. 86-2491, 1988 WL 215392, at *2 (D. Kan. Feb. 17, 1988) (stating that "tax information is relevant, especially to the issue of lost profits); *City of Wichita, Kansas v. Aero Holdings, Inc.,* No. 98-1360-MLB, 2001 WL 1318422, at *1 (D. Kan. March 27, 2001)(same).  In the employment discrimination context this district has consistently held income tax returns of plaintiff to be relevant to the damages calculation. *See Hilt v. SFC Inc.,* 170 F.R.D. 182, 189 (D. Kan. 1997) and *Jordan v. Dillard's Inc.,* No. 05-2190-KHV, 2007 WL 869632, at *4-5 (D. Kan. Oct. 5, 2006).

Plaintiff points the court to a case decided in the District of Oregon, *Drywall Systems Int'l, Inc., v. Polyform, Inc.*[28] In that case, the court declined to order production of tax returns reasoning the returns were not sufficiently specific enough to be relevant to plaintiff's calculation of damages.[29]  That case and the current action differ in determinative facts, however. In *Drywall Systems Int'l,* plaintiff claimed defendants were infringing on copyrights held by plaintiff.[30]  The court found that defendant's tax returns would not reveal evidence of sales of products sold using certain marks.[31]  The current dispute is not analogous because plaintiff seeks more general lost profits and other compensatory damages.  CCI, as a whole, has claimed that because of the alleged wrongdoing of defendants, it has lost profits in its business operation. Regardless if the alleged wrongdoing took place only at the Lucky Strike Mine, the effect should be illustrated in earnings reported in state and federal tax returns of CCI.

Because defendant has shown the relevancy of the tax returns, the burden shifts to plaintiff to show that other sources exist from which defendants may readily obtain the information.  CCI has not carried that burden.  The court could speculate as to other available sources, but it declines to do so.  The party resisting discovery must affirmatively show that other sources indeed exist from which the requesting party can glean the desired information.[32] Conclusory statements that the damage calculation information is in other produced documents

---

[28] No. 04-6230-HO, 2005 WL 758257 (D. Or. March 31, 2005).

[29] *Id.* at *2.

[30] *Id.* at *1.

[31] *Id.*

[32] *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 655, 665 (D. Kan. 1999).

or available from identified witnesses does not suffice.[33]  CCI has merely identified two witnesses and produced redacted attorney fee statements to reflect lost profit damages.  This showing is not sufficient as witnesses' testimony would need to be substantiated by corresponding documentation and attorney billing statements do not satisfy this requirement.  Having failed to make an affirmative showing that the information is otherwise available, defendants shall produce their tax returns.

Plaintiff alleges that as of the time it filed its Complaint in April 2006, it was engaged in mining coal in Bates County, Missouri and Linn County, Kansas.[34]  Plaintiff asserts it is a Missouri corporation with its principal place of business in Overland Park, Kansas.[35]  The instant litigation only involves the Linn County operation and arises out of defendants' alleged unlawful conduct commencing after plaintiff sought a Conditional Use Permit for the Lucky Strike Mine located in Linn County in September, 2003.[36]  Numerous actions by defendants are alleged to have violated plaintiff's rights throughout the time period between 2003 and the time of the filing of this action in 2006.[37]  No mention is made by any party as to whether there was any Linn County operation prior to 2003 but the parties agree that the plaintiff was incorporated in 1995.  Defendant Linn County's motion seeks production of plaintiff's state and federal tax returns from 1995 to the present.

---

[33] *Audiotext Communications Network, Inc.*, 1995 WL 625962, at *12.

[34] First Amended Complaint (Doc. 57) at 2.

[35] *Id.*

[36] *Id.* at 3.

[37] *Id.* at 3-28.

Initially, defendant's request appears somewhat overbroad as the alleged wrongdoing did not commence until 2003 and continued in various forms through the filing of this action in 2006. Nevertheless, the court finds historic earnings are relevant to plaintiff's claim of lost profits because they may illustrate the financial profits and losses of the plaintiff over time. But, the court will limit production to the period starting five years prior to the 2003 application through the present. Indeed, the undersigned has ordered production of historical financial information for a similar range of years under like circumstances.[38]

The court is mindful that sensitive information may be contained in CCI's tax returns. Therefore, the court orders that all tax returns produced by plaintiff CCI shall be treated as confidential information and governed by the Protective Order this court entered on March 30, 2007.[39]

### D.      Sanctions

Finally, Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If a motion to compel is granted . . . , the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, *unless the court finds* that the motion was filed without movant's first making a good faith effort to obtain the disclosure or discovery without court action, or *that the opposing party's nondisclosure, response, or objection was substantially justified*, or that other circumstances make an award of expenses unjust. (emphasis added).

---

[38] *Harvest Meat Co. v. Roberts Dairy Co.,* No. 05-2122-KHV, 2005 WL 3470340, at *4-5 (D. Kan. Dec. 19, 2005) (where this court ordered defendants to produce tax returns from 1999 to present when the wrongdoing allegedly occurred in 2004).

[39] *See* Protective Order (Doc. 50).

Whether to impose sanctions lies within the court's discretion.[40]  The court "must consider on a case-by-case basis whether the party's failure was substantially justified or whether other circumstances made the imposition of sanctions inappropriate."[41]  "Sanctions under Rule 37 are intended to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent."[42]

Here, the court finds that under the circumstances the imposition of sanctions would be inappropriate.  While plaintiff's application of the relevant law in this dispute is incorrect, the court also finds that it is a plausible interpretation.  Each party should bear responsibility for its own costs because both parties took a legitimate position on defendant's Second Motion to Compel.  Accordingly,

**IT IS THEREFORE ORDERED** that defendant Linn County's Second Motion to Compel (Doc. 74) is hereby granted in part and denied in part.  Plaintiff is ordered to produce by December 8, 2007 all of its state and federal tax returns for tax years 1998 to present.  Said documents shall be governed by the Protective Order entered in this case.

**IT IS SO ORDERED.**

Dated this <u>28th</u> day of November, 2007, at Topeka, Kansas.


<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge

---

[40] *Barnes v. Akal Sec. Inc.*, No. 04-1350, 2005 U.S. Dist. LEXIS 33262, at *21 (D. Kan. Dec. 9, 2005)(citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)).

[41] *Id.* (citing *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 646 (D. Kan. 1999)).

[42] *Herlihy*, 186 F.R.D. at 647 (citation omitted).

-11-