IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| CONTINENTAL COAL, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 06-2122-KHV |
| MATT CUNNINGHAM, *et al.,* | ) ) ) | |
| Defendants. | ) ) ) | |

## **ORDER**

This matter comes before the court on Plaintiff Continental Coal, Inc.'s Motion and Memorandum in Support of Continental Coal, Inc.'s Costs and Expenses (Doc. 88). Specifically, Continental Coal, Inc. (CCI) is seeking to recover from Defendant Matt Cunningham costs and expenses in obtaining a court reporter for the deposition of Mr. Cunningham's originally scheduled on August 30, 2007. No responses have been filed in opposition to plaintiff's motion, and the time for doing so has expired. Therefore, the court is prepared to rule.

**I.    Background**

Plaintiff CCI filed it Complaint in the United States District Court for the District of Kansas on April 3, 2006.[1] This action arises out of changes made by defendant Linn County to plaintiff's Conditional Use Permit (CUP) for coal mining operations at the Lucky Strike coal

---

[1] Plaintiff's Complaint (Doc. 1) at 41.

mine located in Linn County.[2]  Defendants Matt and Laura Cunningham were originally represented in this action by Michael Seck of the law firm of Fisher, Patterson, Sayler & Smith, LLP.  On August 20, 2007, Mr. Seck filed a Motion to Withdraw as Attorney for defendants Matt and Laura Cunningham.[3]  Two days later, on August 22, 2007, CCI sent an amended notice to Mr. Seck and Samuel P. Logan, counsel for defendant Board of County Commissioners of Linn County, of taking the deposition of Mr. Cunningham on August 30, 2007 at Mr. Seck's law office.[4]  On August 28, 2007, the undersigned granted Mr. Seck's Motion to Withdraw as Attorney.[5]  On August 30, 2007, Mr. Cunningham appeared for his deposition, but refused to answer any questions until Mr. Cunningham could retain new counsel to represent him in this action.[6]  CCI incurred a court reporter's attendance fee of $70.00 in attempting to depose Mr. Cunningham.[7]  CCI asserts it is entitled to an award of this fee from Mr. Cunningham pursuant to Fed. R. Civ. P. 37.

**II.    Analysis**

Fed. R. Civ. P. 37(d) reads in pertinent part:

If a party . . . *fails to appear* before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just. . .  In lieu of any order or in addition thereto, the court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure

---

[2] *Id.* at 3.

[3] Doc. 77.

[4] Doc. 78.

[5] Doc. 81.

[6] Motion and Memorandum in Support for Costs and Expenses of a Court Reporter (Doc. 88) at 2.

[7] *Id.* at Ex. C.

> *unless the court finds* that the failure was substantially justified or *that other circumstances make an award of expenses unjust.*[8]

A plain reading of Rule 37(d) illustrates that the provision is clearly inapplicable to the current facts. Mr. Cunningham, although uncooperative, was physically present at his deposition. Courts addressing this issue have uniformly held Rule 37(b) is not applicable when a party is physically present at his deposition, even if he refuses to answer questions.[9] While these cases are somewhat different from the present case, in that they dealt with situations where the moving party was requesting the dismissal of the non-moving party's claim, rather than its costs, the basic reasoning behind the decisions is both sound and supported by the plain meaning of Rule 37(d).

Even if the court were to find a violation under Rule 37(d), it would decline to award expenses as the circumstances surrounding the scheduled deposition make an award of expenses unjust. As Mr. Seck's Motion to Withdraw was filed two days prior to CCI's notice of Mr. Cunningham's deposition, counsel for CCI were put on notice that Mr. Cunningham could possibly be unrepresented at the time of the deposition. Rather than take proactive steps to avoid this potential problem, CCI did nothing. Thus, the court finds CCI's expenses were foreseeable and avoidable.

Moreover, the court finds CCI's instant motion an ineffective use of both the parties' and the court's time and resources. The court notes in CCI's amended redacted fee statements,

---

[8] (emphasis added).

[9] *See R.W. Int'l. Corp. v. Welch Foods, Inc.,* 937 F.2d 11, 15 n. 2 (1st Cir. 1991); *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2nd Cir. 1975); *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1228 (7th Cir. 1983); *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994); *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995); *SEC v. American Beryllium & Oil Corp.*, 303 F.Supp. 912, 920 (D.C.N.Y. 1969).

submitted to both the court and defendants, that the preparation of the instant motion was billed to CCI at a minimum of $256.00.[10]  This hardly seems like an efficient use of time considering the requested $70.00 expense.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Its Costs and Expenses (Doc. 88) is hereby denied.

**IT IS SO ORDERED.**

Dated this 6th day of December, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[10] *See* Continental Coal Invoice dated October 17, 2007 at bates label CCI 6193 for work completed on 09/04/07.