## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CONTINENTAL COAL, INC.,**

                **Plaintiff,**

**v.**                                                                 **Case No. 06-2122-KHV**

**MATT CUNNINGHAM,** *et al.***,**

                **Defendants.**

_____

## ORDER

This matter comes before the court upon defendant Board of County Commissioners of Linn County Kansas' (Linn County) Motion to Compel Discovery and For Extension of Expert Disclosure Deadline (Doc. 72). Plaintiff Continental Coal Inc. (CCI) has responded (Doc. 80), to which defendant Linn County has replied (Doc. 89). The issues are ripe for disposition, and the court is prepared to rule.

### I.      Background

Plaintiff CCI filed it Complaint in the United States District Court for the District of Kansas on April 3, 2006.[1] This action arises out of changes made by defendant Linn County to plaintiff's Conditional Use Permit (CUP) for coal mining operations at the Lucky Strike coal mine located in Linn County.[2] In its Complaint, plaintiff alleged violations of its due process

---

[1] Plaintiff's Complaint (Doc. 1) at 41.

[2] *Id.* at 3.

and equal protection rights under the Fourteenth Amendment and sought declaratory and

injunctive relief along with damages (including punitive damages), cost and attorneys' fees.[3]  On

March 2, 2007, Judge Vratil dismissed plaintiff's procedural due process claims.[4]  CCI's

remaining claims are: that Linn County violated CCI's right to equal protection of the laws by

not uniformly applying the Linn County zoning regulations to both CCI and the Cunningham

defendants; that Linn County and the Cunninghams conspired to deny equal protection to

plaintiff's rights under 42 U.S.C. § 1983; that both Linn County and the Cunninghams tortiously

interfered with contracts, business relationships, and prospective business relationships and

engaged in abuse of process in the Linn County lawsuit; and that the Cunninghams engaged in

malicious prosecution.[5]   On May 14, 2007, plaintiff filed its Amended Complaint, wherein it

seeks the same damages, including attorneys' fees and costs, as in its original Complaint.[6]

The instant dispute arises out of a discovery request made by defendant Linn County on

June 14, 2007, in its First Request for Production of Documents, where it sought, "Unredacted

copies of any attorney's fee or expense statements [Plaintiff] incurred or paid and [is] claiming

as damages in this case."[7]  On July 17, 2007, CCI objected to this request stating the request may

call for production of documents protected by the work product doctrine and/or attorney client

_____

[3] *Id.* at 30-38.

[4]  *See* Memorandum and Order (Doc. 44) at 36.

[5] *Id.*

[6] First Amended Complaint (Doc. 57).

[7] Memorandum in Support of Motion to Compel Discovery and For Extension of Expert Disclosure
Deadline (Doc. 73) Ex. 3 at 4.

privilege, and it would provide attorneys' fee bills in redacted form at a mutually agreeable date.[8]

On August 7, 2007, CCI produced redacted fee statements.  Defendant Linn County filed the

instant motion on August 10, 2007.  On October 16, 2007, the undersigned ordered CCI to

produce to the court for an *in camera* review copies of redacted attorney fee statements and

corresponding unredacted statements.[9]  Having found CCI's privilege log inadequate, on

November 2, 2007, the undersigned ordered CCI to produce to the court for an *in camera* review

an amended privilege log.[10]  At this time, the court also gave CCI the opportunity to amend its

redacted billing statements, if it found redactions had been made in error.  On November 15,

2007, CCI produced to the court an amended privilege log and amended redacted fee statements.

At this time, CCI also sent to defendants Linn County and Matt and Laura Cunningham copies of

the amended redacted fee statements.

## II.    Analysis

Fed. R. Civ. P. 26 (b)(1) provides, "Parties may obtain discovery regarding any matter,

not privileged, that is relevant to the claim or defense of any party."

Generally, not all communications between attorney and client are privileged, including

"the identity of the client, the amount of the fee, the identification of payment by case file name,

and the general purpose of the work performed."[11]  Even so, "correspondence, bills, ledgers,

statements, and time records which also reveal the motive of the client in seeking representation,

---

[8] *Id.*

[9] Doc. 97.

[10] Doc. 103.

[11] *ERA Franchise Systems, Inc., v. Northern Insurance Company of New York,* 183 F.R.D. 276, 279 (D. Kan. 1998).

litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege."[12]

The attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his or her capacity as a legal advisor.[13]   Federal courts have consistently recognized that confidential communications by the attorney to a client also fall within the privilege.[14]

The work product doctrine codified in Fed. R. Civ. P. 26(b)(3) states:

> a party may obtain discovery of documents and tangible things otherwise discoverable . . .  and prepared in anticipation of litigation or for trial . . .  only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

After review and consideration of CCI's amended redacted fee statements and corresponding amended privilege log, the court finds that the information redacted is protected by either the attorney-client privilege or the work product doctrine, except for the following items:

1.      Description of services rendered on 7/20/06; by R. Maher; bates label CCI6072,

        shall be unredacted in its entirety.

2.      Description of services rendered on 7/28/06; by C. Kirley; bates label CCI0675,

---

[12] *Id.*

[13] *Jones v. Boeing Company,* 163 F.R.D. 15, 16 (D. Kan. 1995).

[14] *Id.*

shall be unredacted before the phrase "work on brief", but remain otherwise

redacted.

3.      Description of services rendered on 3/29/07; by C. Kirley; bates label CCI6107,

shall be unredacted in its entirety.

4.      Description of services rendered on 6/29/07; by C. Kirley; bates label CCI6129,

shall be unredacted in its entirety.

5.      Description of services rendered on 7/27/07; by J. Power; bates label CCI6176,

shall be unredacted in its entirety.

These items shall be produced to defendants Linn County and Matt and Laura Cunningham by

December 10, 2007.

## III.    Expert Designation Deadline

Having determined that the amended attorney fee billing statements are protected by

either the attorney-client privilege and/or work product doctrine, the court orders that disclosures

required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by

defendants by December 28, 2007.  In turn, disclosures and reports by any rebuttal experts shall

be served by January 16, 2008.  The court notes that discovery in this case is to close December

7, 2007.  Therefore, discovery is hereby extended for the limited purpose of the disclosure of

expert witnesses and reports.  The parties' dispositive motion deadline of January 4, 2008 and

trial date of May 6, 2008 remain the same.

## IV.    Sanctions

Because the instant motion is granted in part and denied in part, Rule 37(a)(4)(C) governs

the present motion for sanctions.  Rule 37(a)(4)(C) provides in part that: "[i]f the motion is

granted in part and denied in part, the court . . . *may*, after affording an opportunity to be heard,

apportion the reasonable expenses incurred in relation to the motion among the parties and

persons in a just manner."[15]

Whether to impose sanctions lies within the court's discretion.[16]  The court "must

consider on a case-by-case basis whether the party's failure was substantially justified or

whether other circumstances made the imposition of sanctions inappropriate."[17] In deciding

whether to grant sanctions based on Rule 37(a)(4)(C) the court in *Mackey v. IBP, Inc*., found that

"[j]ustice requires that each party be responsible for its own costs and expenses incurred upon

the motion [to compel]" because "[b]oth parties took legitimate positions on the motion [to

compel]."[18]  "Sanctions under Rule 37 are intended to ensure that a party does not benefit from

its failure to comply, and to deter those who might be tempted to such conduct in the absence of

such a deterrent."[19]

Here, the court finds that under the circumstances the imposition of sanctions would be

inappropriate.  Each party should bear responsibility for its own costs because both parties "took

---

[15] (Emphasis added).  Under Rule 37, the "opportunity to be heard" does not require an actual hearing, and the court "may consider the issue of expenses 'on written submissions."  *Cardenas v. Dorel Juvenile Group. Inc.*, 231 F.R.D. 616, 622 (D. Kan. 2005) (citations omitted).  This requirement is met, as in the present case, when "the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response." *Id.*

[16] *Barnes v. Akal Sec. Inc.*, No. 04-1350, 2005 U.S. Dist. LEXIS 33262, at *21 (D. Kan. December 9, 2005)(citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S. Ct. 227, 49 L. Ed. 2d 747 (1976)).

[17] *Id.* (citing *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 646 (D. Kan. 1999)).

[18]*Mackey v. IBP Inc.*, 167 F.R.D. 186, 207 (D. Kan. 1996).  *See also Lawrence-Leiter & Co. V. Paulson*, No. 96-2535, 1997 U.S. Dist. LEXIS, at *7 (D. Kan. June 23, 1997)(concluding that because "the parties took legitimate positions on the motion [to compel] . . . sanctions are not justified.").

[19] *Herlihy*, 186 F.R.D. at 647 (citation omitted).

a legitimate position" on defendant Linn County's motion to compel.  Plaintiff legitimately

objected to Linn County's request for unredacted fee statements.  Even so, the court, after

reviewing the original redacted fee statements, found that CCI's privilege log was inadequate

and numerous redactions were made in error.  Therefore, defendant Linn County was justified in

filing the instant motion to compel.

**IT IS THEREFORE ORDERED** that defendant Board of County Commissioners of

Linn County Kansas' (Linn County) Motion to Compel Discovery and For Extension of Expert

Disclosure Deadline (Doc. 72) is hereby granted in part, and denied in part.  Plaintiff shall

unredacted the items listed above and forward copies of the second amended billing statements

to defendants Linn County and Matt and Laura Cunningham by December 10, 2007.

Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be

served by defendants by December 28, 2007.  Disclosures and reports by any rebuttal experts

shall be served by January 16, 2008.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge