IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|   |   |   |
|---|---|---|
| CONTINENTAL COAL, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 06-2122-KHV |
| MATT CUNNINGHAM, *et al.,* | ) ) ) ) | |
| Defendants. | ) ) ) | |

## **ORDER**

This matter comes before the court on the Motion of Continental Coal, Inc. (CCI) for Protective Order to Prohibit Depositions and to Quash Subpoenas (Doc. 116). Defendant Board of County Commissioners of Linn County, Kansas (Linn County) has filed a timely response, to which CCI has replied. Specifically, CCI requests a Protective Order prohibiting the depositions of C. Christian Kirley, Robert Maher, and Leonard L. Wagner as requested in the Notice to Take Depositions (Doc. 110) filed by Linn County and to quash the subpoenas attached thereto. The issues are joined for disposition, and therefore the court is prepared to rule.

**I.    Factual History**

Plaintiff CCI filed its Complaint in the United States District Court for the District of Kansas on April 3, 2006.[1] This action arises out of changes made by defendant Linn County to plaintiff's Conditional Use Permit (CUP) for coal mining operations at the Lucky Strike coal

---

[1] Plaintiff's Complaint (Doc. 1) at 41.

mine located in Linn County.[2]  In its Complaint, plaintiff alleged violations of its due process and equal protection rights under the Fourteenth Amendment and sought declaratory and injunctive relief along with damages, costs and attorneys' fees.[3]  On March 2, 2007, Judge Vratil dismissed plaintiff's procedural due process claims.[4]  CCI's remaining claims are: that Linn County violated CCI's right to equal protection of the laws by not uniformly applying the Linn County zoning regulations; that Linn County and the Cunninghams conspired to deny equal protection to plaintiff's rights under 42 U.S.C. § 1983; that both Linn County and the Cunninghams tortiously interfered with contracts, business relationships, and prospective business relationships and engaged in abuse of process in the Linn County lawsuit; and that the Cunninghams engaged in malicious prosecution.[5]

The instant dispute arises out the Notice to Take Depositions (Doc. 110) of C. Christian Kirley, Robert Maher and Leonard L. Wagner, filed by Linn County on November 30, 2007, one week before the close of discovery in this case.  These individuals are attorneys for Husch and Eppenberger, LLC and have entered their appearances for CCI in this action.  The depositions were originally set for December 7, 2007, the last day of discovery in this case.

**II.     Analysis**

Fed. R. Civ. P 45(c)(3)(A)(iii) and (iv) provide the court "shall quash or modify [a] subpoena if it . . . requires disclosure of a privileged or other protected matter and no exception or waiver applies, or [if it] subjects a person to undue burden."  Moreover, and for good cause

---

[2] *Id.*. at 3.

[3] *Id.* at 30-38.

[4] *See* Memorandum and Order (Doc. 44) at 36.

[5] *Id.*

shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.[6] Such orders may include completely prohibiting certain discovery or imposing a designated method by which discovery must be conducted.[7] The one seeking a protective order or to quash a subpoena carries the burden to show good cause and/or the right to be protected.[8]

"An attorney, even an attorney for a party to the suit, is subject to being deposed."[9] "Courts do not favor thwarting a deposition."[10] Barring extraordinary circumstances, courts rarely will grant a protective order which totally prohibits a deposition.[11] A request to take the deposition of an attorney for a party may, however, constitute an extraordinary circumstance justifying departure from the normal rule.[12] "While the Federal Rules do not prohibit the depositions of an attorney for a party, experience teaches that countenancing unbridled depositions of attorneys often invites delay, disruption of the case, harassment, and unnecessary distractions into collateral matters."[13]

Neither the Tenth Circuit nor the District of Kansas have adopted a definitive test to determine when it is appropriate for a court to grant a protective order prohibiting the deposition

---

[6] Fed. R. Civ. P. 26(c).

[7] Fed. R. Civ. P. 26(c)(1) and (3).

[8] *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D. Kan. 1996).

[9] *Mike v. Dymon, Inc.,* 169 F.R.D. 376, 378 (D. Kan. 1996).

[10] *Id.* (citing *Leighr v. Beverly Enterprises-Kansas, Inc.,* 164 F.R.D. 550, 552 (D. Kan. 1996).

[11] *Id.*

[12] *Id.*

[13] *Id.* (quoting *Hay & Forage Indus. v. Ford New Holland, Inc.,* 132 F.R.D. 687, 689 (D. Kan. 1990)).

of a party's attorney. The rule most frequently cited by the courts, however, is set forth in the case of *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1326 (8th Cir. 1986). The *Shelton* court held that depositions of opposing counsel should be limited to those circumstances when the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.[14] The burden is on the party seeking the deposition to establish that the criteria are met.[15] Even if a party seeking to depose opposing counsel can establish these factors, it is within the trial court's discretion to issue a protective order prohibiting the deposition.[16]

Linn County contends this standard is not applicable to the requested depositions because, while the three attorneys have entered appearances as counsel for CCI, only Mr. Kirley has actively participated in the conduct of the federal litigation. Because Linn County does not seek to take the depositions of the attorneys more actively involved in the current litigation, it asserts any privilege concerns are unwarranted.

While Linn County makes these assertions, it fails to cite any case law on point or direct the court to another standard, if any, that should be used. The court could speculate as to whether the three attorneys are truly "adverse counsel" and, in turn, whether the *Shelton* standard is applicable, but chooses not to. By Linn County's own admission, Mr. Kirley has actively participated in the current action. Therefore, he would certainly be considered "adverse counsel." Moreover, even if the court were to find Mr. Maher and Mr. Wagner have been only

---

[14] *Shelton,* 805 F.2d at 1326.

[15] *Id.*

[16] *Simmons Foods, Inc. v. Willis,* 191 F.R.D. 625, 630 (D. Kan. 2000).

4

minimally involved in the current dispute, the fact remains that they have entered their appearance in the case, contributed at some level to its furtherance and may hold privileged information. Therefore, the court will analyze whether the depositions should take place under the *Shelton* standard.

### A.     Other Means to Obtain the Information

First, the proponent of the deposition is required to demonstrate that the deposition is the only reasonably practical means available for obtaining the information.[17] If there are other available sources of information, the party seeking the discovery should explore them first.[18] Also, other methods, such as written interrogatories, requests for production, or requests for admission, which do not involve the same dangers as an oral deposition of opposing counsel, should be employed.[19] The proponent of the deposition "must identify the specific unsuccessful measures [it] has taken to obtain the information, why they have failed, and that other resources are unavailable.[20]

While the three attorneys may be fact witnesses to relevant events or have conducted non-privileged interactions with the Court and County officials, this potential evidence should be explored from other sources first. Linn County can interview its client to determine the substance of the interactions between Linn County and CCI's attorneys. Linn County can also refer to the produced billing statements to establish that CCI's attorneys monitored the Cunningham lawsuit. Moreover, Linn County had the opportunity to depose Mr. Gary

---

[17] *Mike,* 169 F.R.D. at 379.

[18]  *Kelling v. Bridgestone/Firestone, Inc., et al.,* 153 F.R.D. 170, 171 (D. Kan. 1994).

[19] *Id.*

[20] *Mike,* 169 F.R.D. at 379.

Thompson, who previously represented Linn County, in an attempt to establish that the CCI attorneys investigated and monitored the Cunningham lawsuit.  Finally, Linn County makes no showing that interrogatories, requests for production, or requests for admission have been unsuccessful.  Instead, Linn County only provides that the depositions of Phil Tearney and William Moore, CCI owners, did not fully establish the interactions between CCI attorneys and Linn County, the Cunninghams and the Linn County Court.

Linn County admits in its response that evidence is available from other sources to show instances when CCI attorneys had contact with Linn County, its counsel, or counsel for the Cunninghams.  First, Linn County quotes deposition testimony from Mr. Tearney where he states that CCI's counsel "made numerous attempts to educate the [Linn County] board [of County Commissioners], county attorney [Gary Thompson], as to what [sic] we felt they were doing was wrong and harming our property rights."[21] Linn County also points to a Husch and Eppenberger, LLC Invoice showing that Mr. Kirley addressed the Linn County Board regarding Continental's claims and alleged damages.[22]

CCI relies on, *Harris v. Euronet Worldwide, Inc.,* No. 06-2537, 2007 WL 1557415, a recent decision in the District of Kansas where a request for a deposition was denied by Judge Bostwick.  In *Harris,* the proponents of the deposition requested an attorney who was present at a mediation be compelled to testify because he was the only person who could corroborate statements made during the mediation.[23]  Even so, the court declined to allow the deposition

---

[21] *Memorandum in Opposition to Motion for Protective Order to Prohibit Depositions and to Quash Subpoenas* (Doc. 126) at p. 3,  Ex 1. p. 49.

[22] *Id.* at p. 4, Ex. 4.

[23] *Harris,* 2007 WL 1557417 at *1.

finding that while the attorney may have been the only person that could corroborate the statements made at the mediation, the attorney was not the only person that could testify to the statements made at the mediation.[24] Instead, the proponents of the deposition could question their own client, who was also in attendance.[25]

Similarly, Linn County readily admits in its response that it can ask its own witnesses about their memories of the conversations and events in question. Linn County contends that because CCI has had the opportunity to question and probe many fact witnesses, Linn County should be granted the reciprocal right to discover, confirm and test the substance of the Husch attorneys' memory of events and non-privileged communications. Clearly, Linn County's reasoning does not follow the law established in *Harris.* Because of the possibility of abuse, the court is not inclined to grant defendant the opportunity to depose any attorney when the information could be obtained elsewhere or when the motive is to confirm already established evidence.

### B.    Relevant and Not Privileged

Second, the party seeking to take the deposition must show that the information sought is relevant and nonprivileged.[26] The information Linn County seeks to obtain is relevant to the instant dispute. Even so, it is unclear what information may be protected by either the work product or attorney client privilege. Fed. R. Civ. P. 26(b)(3) provides that "the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." The attorney-client

---

[24] *Id.* at *3.

[25] *Id.*

[26] *Shelton,* 805 F.2d at 1326.

privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his or her capacity as a legal advisor.[27] Federal courts have consistently recognized that confidential communications by the attorney to a client also fall within the privilege.[28]

Declining to allow the taking of these depositions of CCI's attorneys would further support the protection afforded by these privileges under the rule.

### C.      Information is Crucial to Preparation of the Case

Third, the party seeking to take the deposition must show that the information is crucial to the preparation of the case.[29] The mere failure to establish that an inquiry into specific matters is crucial to the requesting party's case may support a court's decision to issue a protective order.[30] Linn County states in its response that it anticipates establishing that the attorneys investigated and monitored the Cunningham state lawsuit on behalf of CCI prior to the entry of the allegedly void stipulated journal entry in April of 2005. The court finds this information, if it in fact exists, may well be important to the defense of the current action. The court can only wonder why, if this information is so crucial to the defense, Linn County waited until nearly the close of discovery to pursue the evidence.

Taken as a whole, the court finds that Linn County has not satisfied its burden to show all three factors of the *Shelton* test have been satisfied. Namely, Linn County has not established that the information sought is unavailable from alternate sources. While the information sought

---

[27] *Jones v. Boeing Company,* 163 F.R.D. 15, 16 (D. Kan. 1995).

[28] *Id.*

[29] *Shelton,* 805 F.2d at 1326.

[30] *Boughton v. Cotter Corp.,* 65 F.3d 823, 831 (10th Cir. 1995).

8

is relevant and important to the preparation of the case, Linn County should not be allowed to depose the attorneys without first seeking the information through alternative means which have less opportunity for delay, disruption of the case, harassment, and unnecessary distraction into collateral matters.

### D.    Timeliness of Notice of Depositions

CCI claims that because Linn County waited until the close of discovery to notice the depositions of CCI's attorneys it should be precluded by its own delay.  The Notice of Deposition (Doc. 110) was filed one week before the close of discovery and without determining the availability of the three attorneys.  Two of the attorneys were not available on the noticed date.  Additionally, Linn County was scheduled to depose a representative of Kansas City Power and Light on the same day.

The court notes that Linn County technically complied with the federal rules when noticing the depositions.  Realistically, it appears that the depositions were unlikely to occur as another deposition was already scheduled for the same day and two attorneys were unavailable. While Linn County is certainly entitled to choose when it wishes to notice depositions, by waiting until the close of discovery, Linn County runs the risk of the discovery period closing.

**IT IS THEREFORE ORDERED** that the Motion of Continental Coal, Inc. for Protective Order to Prohibit Depositions and to Quash Subpoenas (Doc. 116) is hereby granted.

**IT IS SO ORDERED.**

Dated this 14th day of January, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge