IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| CONTINENTAL COAL, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06-2122-KHV |
| MATT CUNNINGHAM, *et al.*, | ) |
| Defendants. | ) |

**ORDER**

At the direction of the court, the parties have filed Memoranda (Docs. 139 and 140) and responses in opposition (Docs. 142 and 143) regarding inclusion of certain claims or defenses in the parties' pretrial order. Having reviewed the parties' submissions, the court is prepared to rule.

**I.   Background**

This action arises out of changes made by defendant Linn County to plaintiff's Conditional Use Permit (CUP) for coal mining operations at the Lucky Strike coal mine located in Linn County. In its Complaint, plaintiff alleged violations of its due process and equal protection rights under the Fourteenth Amendment and seeks declaratory and injunctive relief along with damages, costs and attorneys' fees. On March 2, 2007, Judge Vratil dismissed plaintiff's procedural due process claims. Continental's remaining claims are: that Linn County violated Continental's right to equal protection of the laws by not uniformly applying the Linn County zoning regulations; that Linn County and the Cunninghams conspired to deny equal protection to plaintiff's rights under 42 U.S.C. § 1983; that both Linn County and the Cunninghams tortiously interfered with contracts, business relationships,

and prospective business relationships and engaged in abuse of process in the Linn County lawsuit; and that the Cunninghams engaged in malicious prosecution.

## II.     Procedural History

On December 27, 2007 the undersigned conducted a final pretrial conference with the parties.[1]  During the conference both parties objected to the inclusion of certain claims or defenses and as a result the court ordered the parties to brief the issues.  Specifically the court directed defendant Linn County to

> file a Memorandum as to why the following "affirmative" defenses should be included in the pretrial order:(1) hearing of claims under the Kansas Tort [Claims Act]; (2) no "case or controversy"; (3) claims of waiver, estoppel and law of the case; (4) failure to exhaust administrative remedies; and (5) failure to plead and comply with all conditions precedent to filing any tort claims against Lynn County under K.S.A. § 12-105b.[2]

In turn, the court directed plaintiff to file a Memorandum regarding its belief that the pretrial order should include allegations that the County not only violated its right to equal protection in relation to the Cunninghams specifically but also as to *other* similarly situated businesses.

## III.    Standard

Fed Rule Civ. P.  8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)  "mean[s] what is sa[ys]", and requires only a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[3]  In turn, Rule 8(b) provides "[a] party shall state in short and

---

[1] *See* Minute Entry (Doc. 134).

[2] *See* Minute Entry (Doc. 135).

[3] *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citation omitted); *Green Country Food Market, Inc. v. Bottling Group*, 371 F.3d 1275, 1279 (10th Cir. 2004)(same).

plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Rule 8(c) requires that "a party shall set forth affirmatively . . . any . . . affirmative defense." Generally, "[t]he purpose of . . . pleading [an affirmative defense] is to give the opposing party notice of the [defense] and a chance to argue if [she /] he can, why the imposition [of the defense] would be inappropriate."[4] "The Supreme Court has emphasized that the requirements at the pleading stage are *de minimus*."[5] However, "the liberal construction accorded a pleading . . . does not require courts to fabricate a claim that a plaintiff has not spelled out in his pleadings."[6]

Fed. Rule Civ. P 16(c) outlines the subjects for consideration at a pretrial conferences and allows the court to "take appropriate action with respect to . . . the formulation and simplification of the issues" and "such other matters as may facilitate the just, speedy, and inexpensive disposition of the action." "Since the whole purpose of Rule 16 is to clarify the real nature of the dispute at issue, attorneys at a pre-trial conference must make a full and fair disclosure of their views as to what the real issues of the trial will be."[7] Fed. R. Civ. P. 16(e) governing pretrial orders provides in part: "After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent

---

[4]*Ahmad v. Furlong*, 435 F.3d 1196, 1201 (10th Cir. 2006)(citing *Blonder-Tounge Lab*., *Inc. v. Univ. of Ill. Found*., 402 U.S. 313, 350 (1971).

[5]*United Steelworkers of Am. v. Oregon Steel Mills, Inc*., 322 F.3d 1222, 1228 (10th Cir. 2003); *Frazier v. Ortiz*, 2007 U.S. App. LEXIS 257 at *4 (10th Cir. 2007).

[6]*Shaub v. Newton Wall Company/UCAC*, 153 Fed. Appx. 461, 464-65 (10th Cir. 2005) (citing *Maniccia v. Brown*, 171 F.3d 1364, 1367 n.1 (11th Cir. 1999)).

[7]*Youren v. Tintic School Dist.*, 343 F.3d 1296, 1304(10th Cir. 2003)(citing *Rios v. Bigler*, 67 F.3d 1543, 1549 (10th Cir. 1995)).

order." Generally, "[t]he laudable purpose of Fed. R. Civ. P. 16 is to avoid surprise, not foment it."[8]

To that end, "claims or defenses not contained in the pleadings should normally not appear for the first time in the pretrial order because 'such a practice deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice.'"[9] As a result, when a court confronts a new claim or defense sought to be included in a pretrial order, the court must "consider whether to approve or deny what is obviously an attempt to amend the pleadings at a rather late date."[10]

In *Burnette v. Dresser Indus., Inc.,* the Tenth Circuit affirmed a district court's decision to exclude from the pretrial order product liability claims that were not raised in the complaint.[11] The court in *Burnette* based its decision not on whether the particular legal theory at issue had been explicitly alleged in the complaint, but whether the *factual allegations* in the complaint would support such a legal theory and place the defendants on notice that the claim would be pursued at trial.[12] Similarly, in *Shaub v. Newton Wall Company/UCAC* the court found that plaintiffs' claim for age discrimination did not include sufficient facts so as to give defendant notice that plaintiffs also intended a claim for hostile work environment.[13]

Accordingly, the question before the court is whether plaintiff and defendant County have

---

[8] *Wilson v. Muckala*, 303 F.3d 1207, 1216 (10th Cir. 2002).

[9] *Shaub*, 153 Fed. Appx. at 464 (citing *Wilson*, 303 F.3d at 1215-16).

[10] *Id.*

[11] 849 F.2d 1277, 1282-84 (10th Cir. 1988).

[12] *Id.*

[13] *Shaub,* 153 Fed. Appx. at 464.

4

alleged sufficient facts in their pleadings to support the claim and defenses at issue to place the opposing party on fair notice of the claim or defenses.

**III.     Discussion**

**A.      Plaintiff's Equal Protection Claim**

At issue is plaintiff's dual characterization of its Equal Protection Claim in the parties' proposed pretrial order.  Plaintiff contends, and defendant does not disagree, that it has sufficiently articulated its first basis for its Equal Protection claim, namely that the County disregarded the application of the law by failing to require the Cunninghams, a similarly situated business, to obtain a conditional use permit.  Plaintiff also claims it has alleged facts sufficient to put defendant on notice that defendant violated plaintiff's right to Equal Protection Claim by treating plaintiff differently than all *other* similarly situated businesses in Linn County, not just that of the Cunninghams.

Having reviewed the parties' briefings, including the discovery exhibits attached to the briefs, as well as plaintiff's Amended Complaint, the court finds plaintiff alleged sufficient facts to put defendant County on sufficient notice that plaintiff also intended to base its Equal Protection claim on Linn County's treatment of plaintiff compared to *all* other similarly situated businesses, and not  just the Cunninghams.

In its First Amended Complaint, Continental alleges that "The Zoning Regulations of Linn County, Kansas require *all* similarly situated businesses identified therein to comply with its terms."[14]  Plaintiff also alleges that "[t]he failure of the Board and its agents to uniformly apply the requirements of the Zoning Regulations of Linn County, Kansas and its invidious discrimination

---

[14]*See* First Amended Complaint (Doc. 57) at p. 15 (emphasis added).

5

against Plaintiff denies Plaintiff equal protection of the laws" and that "the Board and its agents have joined forces with the Cunninghams and their agents to act in concert and conspire to allow the Cunninghams to do that which they had no legal right to do at all – cause an amendment to the Original Use Permit."[15]

In its claim for Denial of Equal Protection, Continental alleges, without qualification or limitation to the Cunninghams, that: (1) the Board denied Continental equal protection; (2) The Board unreasonably discriminated against Plaintiff; and, as a result, (3) Continental was damaged.[16] Additionally, plaintiff's prayer for relief in subparagraph (b) of its equal protection count requests the Court to issue "[i]ts Order permanently requiring the Board to apply the provisions of the Zoning Regulations of Linn County, Kansas to *all* similarly situated persons and entities *including* the Cunninghams[.]"[17]

Additionally, the court finds that the parties conducted extensive discovery regarding how the County treated *other* similarly situated businesses, not just the Cunninghams. Specifically, plaintiff deposed county commissioners regarding the County's treatment of *all* businesses similarly situated to plaintiff. Indeed, plaintiff sought significant written discovery regarding how the County treated holders of conditional use permits generally, not just how the County treated the Cunninghams. In light of the significant discovery that took place on this theory of plaintiff's Equal Protection claim, any allegation of surprise on behalf the County rings hollow.

To the extent defendant County argues that Judge Vratil has construed plaintiff's Equal

---

[15]*Id.*

[16]*Id*. at p. 29.

[17]*Id.* at p. 30.

6

Protection claim as only considering the County's treatment of the Cunninghams and not other similarly situated businesses, the court is not persuaded. Judge Vratil did characterize plaintiff's Equal Protection claim as "Continental has stated an equal protection claim against the Board. Continental alleges that (1) its business and the Cunninghams' business are similarly situated; (2) the Board has refused to require the Cunninghams to obtain a CUP for their business even though such a permit is required by the Linn County zoning regulations; and (3) the Board intentionally and unreasonably treated Continental differently for the personal benefit of the Cunninghams."[18] Defendant County takes this characterization to mean that Judge Vratil has already decided the matter. The court disagrees.

Judge Vratil characterized plaintiff's Equal Protection claim more generally as "alleg[ing] that defendants violated its right to equal protection of the laws when it did not uniformly apply the Linn County zoning regulations."[19] Defendant County initiated the Motion to Dismiss and framed the Equal Protection claim as relating to merely plaintiff and the Cunninghams, and not other similarly situated businesses. Additionally, when Judge Vratil decided the matter, the court had stayed discovery pending the resolution of the defendants' Motions to Dismiss[20] so little to no discovery had taken place regarding the *means* by which the County may have denied plaintiff its right to Equal Protection. Accordingly, the court finds that Judge Vratil's characterization of plaintiff's Equal Protection claim does not necessarily deny plaintiff the ability to prove its claim in the manner it seeks and, as a result, such claim regarding similarly situated businesses, including

---

[18]Memorandum and Order (Doc. 44) at p. 27.

[19]Memorandum and Order (Doc. 44) at p. 26.

[20]Motions to Dismiss (Docs. 19 and 32). *See* Order (Doc. 35) (granting Motions to Stay).

defendant Cunningham, should be included in the final pretrial order.

### B.     Inclusion of certain affirmative defenses in the pretrial order

At the outset, defendant Linn County informs that in drafting their portions of the parties' proposed pretrial order it followed the District's Guidelines for Preparation of Pretrial Orders which instructs defendants to assert their defenses whether the defense is a "mere denial of a certain claim" or "affirmative in nature."[21] In doing so, Linn County argues that it was not required to plead all the "defenses" contained in Section 7.a. of the parties' proposed pretrial order.

#### 1.     Immunities under the Kansas Tort Claims Act

Defendant County seeks to include as a defense in the final pretrial order that "[s]ome or all of plaintiff's claims are barred under the immunities afforded under the Kansas Tort Claims Act." Lynn County asserts it raised both judicial and legislative immunity in its Answer to the First Amended Complaint. The County further contends the reference to the Kansas Tort Claims Act is "merely a specific reference" which is the statutory basis afforded for such immunities as codified in K.S.A. § 75-6104(a) and (b). Additionally, the County claims its had denied all allegation of willful or wanton conduct and any liability for punitive damages. As a result, defendant contends it implicitly denied punitive damages under the Kansas Tort Claims Act which disallows "punitive or exemplary damages" against "[a] governmental entity[.]" K.S.A. § 75-6105(c).

In turn, plaintiff argues that the broad language proposed by the County would not limit the County to the specific sections of the K.S.A. §75-6104 detailed in its Memorandum. Plaintiff correctly points out that K.S.A. § 75-6104 offers twenty-four express exceptions to liability and asks

---

[21] Linn County Memorandum (Doc. 139) at p. 1 (citing Scheduling Orders and Guidelines for the Preparation of Pretrial Orders located at www.ksd.uscourts.gov).

8

the court to require the County to specifically state the two immunities asserted in its Memorandum, namely (a) and (b). Since plaintiff offers no other reason why these specific defenses should not be included, and has lodged no other complaint as to their inclusion, the court believes the appropriate resolution is to include the specific sections of the Kansas Tort Claims Act in the final pretrial order, namely K.S.A. § 75-6104(a) and (b) as well as K.S.A. §75-6105(c).[22]

### 2. Case or Controversy

Defendant County seeks to include as a defense in the final pretrial order that "[p]laintiff lacks standing to assert its claims and/or there is no 'case or controversy.'" Defendant contends it has always asserted defenses of "[b]oth ripeness and standing." Additionally, defendant contends standing and ripeness cannot be waived because it speaks to the Court's authority to hear the case and plaintiff's ability to seek a remedy in the court.[23]

In turn, plaintiff contends that defendant County should articulate its grounds for a "lack of case or controversy" in the parties' pretrial order, specifically the order should state that defendant believes no case or controversy exists do to ripeness and standing.

Here, the court notes that defendant specifically asserted in its Amended Answer that "Plaintiff's claims are not ripe" and "Plaintiff lacks standing to assert its claims."[24] However, the court agrees with plaintiff that specificity will assist the parties and the trial judge and, therefore, the court will specify the defenses of ripeness and standing in the final pretrial order. Additionally,

---

[22]Plaintiff address the inclusion of K.S.A. §75-6105(c) and as a result the court finds it should be included in the pretrial order.

[23]Linn County's Memorandum (Doc. 139) at p. 4 (citing *Herman v. Dovala*, 2000 U.S. App. LEXIS 2858, at *9 (10th Cir. 2000); *Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996)).

[24]Amended Answer (Doc. 58) at p. 18.

9

the court finds specifying the language in this manner will not hamper defendant County's ability to raise other aspects of the an Article III "case or controversy" defense, as the doctrines of mootness, ripeness, political question and other standing issues can be raised at any time as they divest the court of subject matter jurisdiction.

### 3.     Law of the Case

Defendant seeks to include in the pretrial order that "Plaintiff's claims are barred by res judicata, collateral estoppel, and/or law of the case."  Defendant explains in its Memorandum that it included "law of the case" to put plaintiff on notice that Judge Vratil's March 2007 ruling "will have some affect on the remaining claims and proceedings herein."[25]

Plaintiff contends that "law of the case" was not included in defendant's responsive pleadings, but should have been under Rule 8(c).  Since Rule 8(c) does not state "law of the case" is an affirmative defense, and plaintiff makes no effort to characterize it as such, the court finds inclusion of this "defense" in the pretrial order appropriate.  While the undersigned might question the necessity of putting plaintiff or the trial judge on notice that the trial judge's previous ruling "will have some affect" on the matter, the court finds the inclusion of this matter in the manner advocated by defendant County harmless.

### 4.     Failure to Exhaust Administrative Remedies

Defendant seeks to include as a defense in the pretrial order that "[p]laintiff's claims are barred because it had an adequate remedy under state law and failed and/or refused to pursue available remedies in a timely manner.  As such, the Plaintiff has failed to exhaust administrative remedies."  Linn County claims that the first sentence "is lifted directly from its Answer to the First

---

[25]Linn County's Memorandum (Doc. 139) at p. 9.

Amended Complaint" and therefore concludes that plaintiff was on notice as to this issue.

Because defendant states the sentence "Plaintiff has failed to exhaust administrative remedies" "essentially adds nothing new to the County's pleadings"[26], plaintiff concludes that "[i]f, by the County's own admission, this new sentence is surplusage, then Continental cannot understand why the County insists on its inclusion."[27] However, plaintiff's argument also cuts the other way. Inclusion of this mere "surplusage" in the parties' pretrial order cannot impact the matter one way or the other. As a result, the court finds it more prudent to include the sentence in the parties' pretrial order. Whether defendant can prove this particular conclusion at the dispositive motion or trial stage is another matter. However, to decide here at this stage that defendant's characterization is inappropriate might divest the trial judge of her ability to address the matter.

### 5. Failure to Plead and Comply with all Conditions Precedent to filing any tort claims against Linn County under K.S.A. 12-105b

Linn County contends this is not an affirmative defense, rather it is plaintiff's burden to plead and prove compliance with K.S.A. § 12-105b in order for the court to have subject matter jurisdiction over tort claims raised against a municipality. However, Linn County states it included failure to comply with K.S.A. § 12-105b as a defense based on the broad instructions given by the District's proposed pretrial order form.

Here, the court agrees with the County that the failure to plead compliance with K.S.A. § 12-105b does not waive the defense, because "[c]ase law is Kansas is clear that compliance with K.S.A. § 12-105b is a condition precedent to a claim for relief. The burden is not on [the defending party]

---

[26]Plaintiff's Response (Doc. 143) at p. 4 (citing *id.* at 10).

[27]*Id.*

11

to plead the defense, but rather upon [the plaintiff] to comply with the notice requirements."[28] Since plaintiff does not dispute that this is not an affirmative defense, or that plaintiff bears the burden of proof of this matter, the court sees no harm in including it in the pretrial order in the manner proposed by defendant County. While the undersigned might find it more appropriate to include this requirement solely as an elements of the plaintiff's claim, rather than as a defense, no harm can result from its inclusion here.

### 6. **Waiver or estoppel**

Defendant County seeks to state as a defense in the pretrial order that "Plaintiff claims are barred by waiver, estoppel, or judicial estoppel." Linn County alleges it raised these defense in its Amended Answer. Indeed, the County's Amended Answer specifically states "Plaintiff is judicially estopped from asserting some or all of its claims" and that "Plaintiff's claims are barred by res judicata and/or collateral estoppel"[29] The County also notes that these claims have been addressed via their motion to dismiss and that significant discovery occurred related to these claims. Specifically, the plaintiff deposed Mr. Moore and Mr. Tearney as to its reasons for withdrawal of the 24/7 hour amendment to the conditional use permit as well as the timing and reasons for Continental's decision to intervene solely for a limited purpose in the Linn County Law suit. The County "concedes that its answers . . . did not expressly raise" the word "waiver" as a stand-alone affirmative defense but contends that this "technical failure" does not preclude the undersigned from including it in the final pretrial order.

---

[28]*See* Linn County Memorandum (Doc. 139) at p. 11 (citing *Kansas Mun. Gas Agency v. Vesta Energy Co.*, 840 F. Supp. 814, 825 (D. Kan. 1993).

[29]Amended Answer (Doc. 58) at p. 18.

In turn, plaintiff contends that these affirmative defenses were never raised and that discovery conducted *by* plaintiff of defendant's personnel was for a variety of reasons and not to find facts regarding waiver or estoppel.

Here the court finds that defendant County specifically raised and articulated the defense of estoppel and put plaintiff on notice of its intent to raise the defense of waiver. In *Ahmad v. Furlong*, the Tenth Circuit discussed whether a failure to plead an affirmative defense waived a defendant's ability to raise the defense at the summary judgment stage. The court concluded:

> the best procedure is to plead an affirmative defense in an answer or amended answer. And, . . . absence of prejudice to the opposing party is not the only proper consideration in determining whether to permit an amended answer; a motion to amend may also be denied on grounds such as "'undue delay, bad faith or dilatory motive . . ., or repeated failure to cure deficiencies by amendments previously allowed.'" Accordingly, courts should not permit a party to circumvent these other restrictions on amendments simply by filing a dispositive motion rather than a motion to amend. But that concern can be obviated without a strict requirement that the answer be amended before raising a defense in a motion for summary judgment. Rather than demanding that the defendant first move to amend the answer, we need only apply the same standards that govern motions to amend when we determine whether the defendant should be permitted to "constructively" amend the answer by means of the summary-judgment motion.[30]

Additionally, the court also noted that generally most courts "do permit a defendant to raise an affirmative defense for the first time in a post-answer motion if the defense is raised in sufficient time that there is no prejudice to the opposing party merely because of the delay."[31]

Here, the court finds that little to no prejudice can occur by including the defense of "waiver" in the final pretrial order because plaintiff appears to have had adequate notice of the defense of

---

[30]435 F.3d 1196, 1202 (10th Cir. 2006) (citations omitted).

[31]*Id.* at 1201 (citation omitted).

waiver and an adequate opportunity to respond.[32] Specifically, discovery as to waiver appears to have taken place. Indeed, Judge Vratil specifically addressed the issue of waiver by finding that plaintiff had "waived any procedural due process claim based on defendants' failure to join it in that suit."[33]

However, out of an abundance of caution, the court will include the waiver defense in the final pretrial order, but will also footnote plaintiff's continuing objection to the inclusion of waiver. To the extent that plaintiff seeks to argue in response to a summary judgment motion that the defense of waiver is inappropriately raised and overly prejudicial, plaintiff may do so at that time and the trial judge may properly decide the matter.

Accordingly, the court will articulate plaintiff's Equal Protection claim and defendants' defenses in the parties' pretrial order as discussed herein.

IT IS SO ORDERED.

Dated this 14th day of January, 2008, at Topeka, Kansas.

  s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[32] *See Clark v. Storey Wrecker Serv.*, No. 03-CV-638, 2006 U.S. Dist. LEXIS 52228 (N.D. Okla. July 28, 2006) (citing *Sauers v. Salt Lake County*, 1 F. 3d 1222, 1229 (10th Cir. 1993)).

[33] Memorandum and Order (Doc. 44) at p. 21.