IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CONTINENTAL COAL, Inc.,

           Plaintiff,

v.                                              Case No. 06-2122-KHV

MATT CUNNINGHAM, *et al.*,

           Defendants.

## **ORDER**

This matter comes before the court upon defendant Board of County Commissioners of Linn County Kansas' (Linn County) Motion to Disallow Plaintiff's Supplemental Interrogatory Answer/Damages Disclosure and for Order Prohibiting Plaintiff's Use of Such Evidence at Trial (Doc. 124). Plaintiff Continental Coal, Inc. (CCI) has responded (Doc. 131), to which defendant Linn County has replied (Doc. 136). Therefore, the issues are joined and ready for disposition.

**I.    Background**

Plaintiff CCI filed its Complaint in the United States District Court for the District of Kansas on April 3, 2006.[1] This action arises out of changes made by defendant Linn County to plaintiff's Conditional Use Permit (CUP) for coal mining operations at the Lucky Strike coal mine located in Linn County.[2] In its Complaint, plaintiff alleged violations of its due process and equal protection

---

[1] Plaintiff's Complaint (Doc. 1).

[2] *Id.*

rights under the Fourteenth Amendment and sought declaratory and injunctive relief along with damages (including punitive damages), costs and attorneys' fees.[3]  In its July 21, 2006, Initial Disclosure statement, CCI stated "it is seeking not only declaratory and injunctive relief but also compensatory damages sustained as a result of defendants' conduct in an amount to be proved at trial, plus pre-judgment and post-judgment interest."[4]  "In addition, the effect of defendants' conduct has been to stop Continental Coal from pursuing new contracts, as defendants' [sic] conduct has prevented or put into doubt plaintiff's ability to mine and deliver coal as may be required under such contracts.  The monetary value of the loss of these business opportunities is currently unknown and under further investigation, and is expected to be the subject of expert testimony."[5]  On March 2, 2007, Judge Vratil dismissed plaintiff's procedural due process claims.[6]  CCI's remaining claims are: that Linn County violated CCI's right to equal protection of the laws by not uniformly applying the Linn County zoning regulations to CCI, the Cunningham defendants and others; that Linn County and the Cunninghams conspired to deny equal protection to plaintiff's rights under 42 U.S.C. § 1983; that both Linn County and the Cunninghams tortiously interfered with contracts, business relationships, and prospective business relationships and engaged in abuse of process in the Linn County lawsuit; and that the Cunninghams engaged in malicious prosecution.[7]  On May 14, 2007, plaintiff filed its Amended Complaint, wherein it seeks the same damages as in its original

---

[3] *Id.* at 30-38.

[4] Board of County Commissioners of Linn County Kansas' (Linn County) Motion to Disallow Plaintiff's Supplemental Interrogatory Answer/Damages Disclosure and for Order Prohibiting Plaintiff's Use of Such Evidence at Trial (Doc. 124). Ex. 1 at p. 6.

[5] *Id.*

[6] *See* Memorandum and Order (Doc. 44) at 36.

[7] *Id.*

Complaint.[8]

On June 14, 2007, Linn County's sent its First Interrogatories to plaintiff seeking information about CCI's damages. Interrogatory No. 5 asked plaintiff to "identify all 'new contracts' or business opportunities plaintiff contends it has been deprived of or elected not to pursue as the alleged result of defendants' alleged conduct."[9] On July 17, 2007, CCI responded that "[t]he effect of defendants' conduct has been to stop Continental Coal from responding to requests for proposal and pursuing new contracts, as defendants' intentional acts and omissions have prevented or put into doubt plaintiff's ability to mine and deliver coal as may be required under such contracts. Pursuant to Fed. Rule. Civ. Proc. 33(d), Plaintiff will produce business records from which the answers may be derived and afford defendant reasonable opportunity to examine, audit or inspect such records."[10] On July 20, 2007, CCI identified William Moore and Phillip Tearney as experts in the mining industry.[11]

On September 20, 2007, this court entered a Second Amended Scheduling Order[12] that stated in pertinent part:

> Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served **October 29, 2007**, approximately 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for

---

[8] First Amended Complaint (Doc. 57).

[9] Board of County Commissioners of Linn County Kansas' (Linn County) Motion to Disallow Plaintiff's Supplemental Interrogatory Answer/Damages Disclosure and for Order Prohibiting Plaintiff's Use of Such Evidence at Trial (Doc. 124) p. 3.

[10] *Id.* at Ex. 3 at p. 3.

[11] *See* Doc. 65.

[12] *See* Doc. 91

completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

On November 15, 2007, counsel for CCI served a supplemental answer to Interrogatory No. 5 providing for 1.7 million dollars of damages and a previously undisclosed damages computation and reasoning in support of the damages.[13] Discovery closed in this case on December 7, 2007. On December 11, 2007, Linn County filed the current motion requesting the court to disallow plaintiff's supplemental answer to Interrogatory No. 5 because plaintiff served its supplemental disclosure unseasonably and after the Scheduling Order's October 29, 2007 deadline.

**II.    Analysis**

    **A.    Rule 26 Requirements**

Fed. R. Civ. P. 26(a)(1)(C) states in pertinent part:

> A party must, without awaiting a discovery request, provide to other parties a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

---

[13] Board of County Commissioners of Linn County Kansas' (Linn County) Motion to Disallow Plaintiff's Supplemental Interrogatory Answer/Damages Disclosure and for Order Prohibiting Plaintiff's Use of Such Evidence at Trial (Doc. 124) Ex. 5.

Fed. R. Civ. P. 26(e) states in pertinent part:

> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>
> (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made know to the other parties during the discovery process or in writing . . . .
>
> (2) A party is under a duty seasonably to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Linn County contends that CCI's supplemental answer to Interrogatory No. 5 was an "amend[ment to] a prior response to an interrogatory" under Rule 26(e)(2) and a "computation of . . . damages" required under Rule 26(a)(1)(C), for which Rule 26(e)(1) requires a seasonable supplement. Therefore, Linn County asserts that as a supplemental disclosure under Rule 26(e), pursuant to the Second Amended Scheduling Order, CCI had to serve the supplementation at the latest by October 29, 2007. Linn County also asserts the supplementations were based on knowledge of Phillip Tearney and William Moore, and the last event to affect CCI's purported damage occurred in January of 2007. Therefore, Linn County reasons CCI could have easily calculated its damages at any time since the beginning of 2007.

The court recognizes that the parties have a duty to supplement their disclosures and discovery responses under the conditions set forth in Rule 26(e). First, a party must at reasonable

intervals supplement its pretrial disclosures made under Rule 26(a) if the party learns that the information disclosed was incomplete or incorrect.[14]  Second, a party must seasonably supplement a response to an interrogatory that the party learns was incorrect or incomplete when made.[15]  No specific time period is established for these duties to supplement.  Instead, the rules only state that Rule 26(a) supplementations shall be made "at appropriate intervals" and interrogatory answers must be supplemented "seasonably."

The duty to supplement may also arise by order of the court.  The Scheduling Order states that Rule 26(e) supplementations shall be served at such times as required by that rule.  It goes on to say that supplemental disclosures shall be served by October 29, 2007, or forty days before the close of discovery, and should identify the universe of all witnesses and exhibits that might be used at trial.  The rational for the deadline forty days before the close of discovery is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about what discovery to conduct before the time allowed expires.

The court finds that CCI timely supplemented its interrogatory answer.  Linn County was aware that CCI claimed these damages as early as July 21, 2006, when CCI made its Initial Disclosures and claimed compensatory damages for lost business opportunities.  The interrogatory at the heart of the instate dispute was served June 14, 2007.  On July 17, 2007, CCI stated in its initial answer to Interrogatory No. 5 that "[t]he effect of defendants' conduct has been to stop Continental Coal from responding to requests for proposal and pursuing new contracts, as defendants' intentional acts and omissions have prevented or put into doubt plaintiff's ability to

---

[14] Fed. R. Civ. P. 37(c)(1).

[15] Fed. R. Civ. P. 37(c)(2).

mine and deliver coal as may be required under such contracts." While Linn County claims that CCI had over nineteen months to quantify its damages, in reality the interrogatory request was served only last summer, to which CCI timely responded. Thus, CCI was merely quantifying damages already claimed when it supplemented its answers on November 15, 2007, four months after the initial answer. CCI provided the information to Linn County when it became readily available in a quantified amount. Thus, the court concludes the supplementation was both "at an appropriate interval" and "seasonable" and meets the requirements of Rule 26(e).

In addition, the supplementation was not a violation the Scheduling Order. The supplemental answer did not identify any new witnesses, exhibits, theories or claims. Rather, it provided an updated damage calculation regarding the diminution in value of CCI's CUP and lost business opportunities. Because Linn County was well aware that CCI would be claiming these damages, it should have already been in a position to make strategic, tactical and economic judgments about discovering the extent of the alleged damages. In fact, Linn County did conduct discovery on these damages before discovery closed. Therefore, in both practice and purpose, the October 29, 2007 disclosure deadline was complied with fully.

### B.     Justified or Harmless Error

For the sake of argument, even if the court had found CCI violated the requirements of Rule 26 or the Scheduling Order, the court would still decline to exclude the evidence because the failure to disclose was harmless.

"A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion

any witness or information not so disclosed."[16]  The determination of whether a Rule 26 violation is justified or harmless is entrusted to the broad discretion of the district court.[17]

In determining whether a violation is justified or harmless, the court is to consider the following factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the evidence would disrupt the trial; and (4) the moving party's bad faith or willfulness.[18]

### 1. Prejudice or Surprise

Linn County claims it was completely surprised by the supplemental answer and left with an inadequate amount of time in which to prepare to rebut the damage claim.  It directs the court to a recent case from the District of Kansas where Judge Lungstrum held a belated disclosure violated the scheduling order and therefore was struck.[19]  Linn County states that similarly, CCI's disclosure is so late that it prejudiced Linn County's ability to muster key testimony and other evidence to rebut CCI's theory.  Even so, the court agrees with CCI that the instant dispute's material facts are distinguishable.  In *Sprint Communications,* the disclosure was made after the close of discovery and four weeks before trial.  In the instant dispute, the disclosure was made three weeks *before* discovery closed and trial was more than five months away. Also, in *Sprint Communications* the defendant disclosed a new and previously undisclosed affirmative defense, while CCI provided damage calculations to supplement the previous types of damages already claimed.

---

[16] Fed. R. Civ. P. 37(c)(1).

[17] *Sprint Communications Co. L.P. v. Vonage Holdings Corp.,* 500 F. Supp. 2d 1290, 1338 (D. Kan 2007) (citing *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2003)).

[18] *Id.*

[19] *Sprint Communications Co. L.P.,* 500 F. Supp. 2d at 1338.

Because the November 15, 2007 supplemental answer was consistent with all prior responses and the types of damages previously disclosed, the court concludes that Linn County has not been prejudiced or surprised by the supplemental answer.

### 2.     **Ability to Cure**

Even if there was a possibility for prejudice or surprise, there was an adequate amount of time to cure it within the three weeks of discovery remaining at the time of disclosure. The supplemental answer was served before the depositions of William Moore and Phillip Tearney, CCI's experts in the coal mining industry. Linn County did not request additional time to prepare for these depositions based on the supplemental answer, and both Mr. Moore and Mr. Tearney discussed information related to the supplemental disclosure during their respective depositions. By providing the damages calculation one week before the already scheduled depositions, the most accurate damage figures were readily available to Linn County. Moreover, Mr. Tearney is scheduled for a second deposition on January 24, 2008, to discuss the issue of damages related to CCI's tax returns. Linn County also deposed a representative from Kansas City Power and Light, one of CCI's primary customers, after the damages disclosure was served. Finally, Linn County could have noticed more depositions if it deemed them necessary, but it did not.

Linn County claims it needs additional discovery from several sources regarding the alleged damages claimed in the supplemental answer, including retaining experts in the coal mining/accounting area and taking additional fact depositions of CCI's operational personnel. Linn County anticipates deposing operating personal regarding the precise hours the mine operated, the coal availability, and the need to mine at maximum capacity to meet demands.

To further cure any possible prejudice, the court is willing to reopen discovery on the limited

issue of damages regarding the diminution in value of the CUP and the loss of business opportunities. Linn County has up to and including February 25, 2008 to identify an expert related to these damages. CCI shall be given an opportunity to depose this expert by March 14, 2007. The court finds that additional depositions of operating personal are not warranted. The court sees no reason why the information sought could not have been discovered during the depositions of Mr. Moore or Mr. Tearney as they would also have information regarding the hours of operation, the coal availability and whether the mine was operating at maximum capacity. Also, Linn County could have noticed these depositions before the close of discovery and did not. Thus, they should not be allowed a second opportunity at this time. The parties are cautioned that this is not an opportunity to completely reopen discovery related to damages, but rather just discovery related to the issues of the diminution in value of the CUP and the loss of business opportunities.

### 3.    Disruption of Trial

Trial in this matter is currently set for May 6, 2008, more than three months from today. The court notes that Interrogatory No. 5 solely addresses the issue of damages. Therefore, the court finds that limited discovery related to the damages claimed in the supplemental answer to Interrogatory No. 5 shall have no affect on the dispositive motions currently filed or the trial, should it take place.

### 4.    Bad Faith or Willfulness

Finally, the court finds that CCI did not act in bad faith. While CCI may have been able to supplement its answer at an earlier time, it still did so three weeks before discovery closed and before the depositions of plaintiff's designated experts in the coal mining industry. Moreover, while Linn County claims that CCI chose not to quantify its damage claim for nineteen months, the court notes that CCI timely responded to Interrogatory No. 5 and supplemented the information when it

-10-

was readily available. While this case has been on file for almost two years, some of the delay in its furtherance came at the request of Linn County. First, they asked and received a stay of all discovery from August 1, 2006 until March 2, 2007 when Judge Vratil ruled on its motion to dismiss. Moreover, this court extended by two months the discovery deadlines and trial date at the request of all parties on September 20, 2007. Thus, Linn County can hardly claim that it has actively pursued discovery in this matter while CCI did nothing.

In conclusion, the court finds that CCI complied with all provisions of Rule 26. Moreover, even if there was a possible Rule 26 violation, it was harmless and the evidence should be allowed at trial, assuming it is otherwise admissible.

**IT IS THEREFORE ORDERED** that defendant Board of County Commissioners of Linn County Kansas' (Linn County) Motion to Disallow Plaintiff's Supplemental Interrogatory Answer/Damages Disclosure and for Order Prohibiting Plaintiff's Use of Such Evidence at Trial (Doc. 124) is hereby denied.

**IT IS FURTHER ORDERED** that if Linn County so chooses, it shall produce an expert related to damages by February 25, 2008. CCI shall depose this expert by March 14, 2008.

**IT IS SO ORDERED.**

Dated this 28th day of January, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge