IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CONTINENTAL COAL, Inc.,

        Plaintiff,

v.                                                Case No. 06-2122-KHV

MATT CUNNINGHAM, *et al.*,

        Defendants.

## **MEMORANDUM AND ORDER**

On January 30, 2008, the undersigned and counsel for Continental Coal, Inc. and the Board of County Commissioners of Linn County, Kansas (Linn County) conducted a telephone status conference wherein they discussed the court's recent Order[1] denying Linn County's Motion to Disallow Plaintiff's Supplemental Interrogatory Answer/Damages Disclosure and for Order Prohibiting Plaintiffs Use of Such Evidence at Trial.[2]

Linn County served upon plaintiff a Second Set of Interrogatories and a Third Request for Production of Documents (Doc. 136-2) on December 20, 2007. Although these requests were originally served after the December 7, 2008, discovery deadline, Linn County had also timely filed a Motion to Extend Scheduling Order Deadlines (Doc. 121) which included a request to extend the close of discovery. After deferring resolution of that motion until after a status conference could be held, the Motion (Doc. 121) was granted in part and denied in part.[3]

---

[1] Doc. 161.

[2] Doc. 124.

[3] *See* Order (Doc. 146).

Thereafter, the Court denied defendant Linn County's Motion to Disallow Plaintiff's Supplemental Interrogatory Answer (Doc. 161).  Thereafter, at the request of one of the parties, the January 30, 2008 status conference was held.

During the status conference the parties raised various objections related to the Order denying Linn County's Motion to Strike.  This Memorandum and Order memorializes the agreement of the parties and the court's own evaluation of the parties' arguments.

The following issues were heard and resolved on oral motion.  As a result, the parties shall be permitted to conduct the following limited discovery regarding plaintiff's claim for damages resulting from the alleged diminution in value of plaintiff's conditional use permit and its lost business opportunities.

### A. Linn County's Second Set of Interrogatories to Plaintiff

No. 1: The parties agree that this information has been discovered during the second deposition of Mr. Phillip Tearney.  Therefore, no further answer is required.

No. 2: Plaintiff shall answer by February 15, 2008.

No. 3: Plaintiff shall answer by February 15, 2008.

No. 4: Plaintiff shall answer by February 15, 2008.

### B. Linn County's Third Request for Production of Documents to Plaintiff

No. 1: Documents were previously produced pursuant to Fed. R. Civ. P. 33(d). To the extent documents responsive to this request have not been disclosed, plaintiff shall produce them by February 15, 2008.

No. 2: Documents were previously produced pursuant to Fed. R. Civ. P. 33(d). To the extent any documents responsive to this request have not been disclosed, plaintiff shall produce them by February 15, 2008.

No. 3: Plaintiff has produced documents. To the extent any documents responsive to this request have not been disclosed previously , plaintiff shall produce by February 15, 2008.

No. 4: Plaintiff has produced documents. To the extent any documents responsive to this request have not been disclosed previously, plaintiff shall produce by February 15, 2008.

No. 5: Plaintiff has produced documents. To the extent any documents responsive to this request have not been disclosed previously, plaintiff shall produce by February 15, 2008.

No. 6: Plaintiff has produced documents. To the extent any documents responsive to this request have not been disclosed previously, plaintiff shall produce by February 15, 2008.

No. 7: Plaintiff has produced documents. To the extent any documents responsive to this request have not been disclosed previously, plaintiff shall produce by February 15, 2008.

No. 8: Plaintiff has produced documents. To the extent any documents responsive to this request have not been disclosed previously and are not duplicative of Request for Production No. 7, plaintiff shall produce by February 15, 2008.

No. 9: "crisis demands" is a term defined by plaintiff. Plaintiff has produced documents. To the extent any documents responsive to this request have not been disclosed previously, plaintiff shall produce by February 15, 2008.

No. 10: Plaintiff shall produce documents by February 15, 2008. These may include summary records of employee hours worked in each week. Plaintiff is not obligated to

provide individual daily time cards.

No. 11: Plaintiff has produced documents.  To the extent any documents responsive to this request have not been disclosed previously, plaintiff shall produce by February 15, 2008, any documents in its possession.

No. 12: Plaintiff has produced documents.  To the extent any documents responsive to this request have not been disclosed previously, plaintiff shall produce by February 15, 2008.

No. 13: Plaintiff shall only produce documents that relate to the reasons for the closing of the Cottonwood Creek mine.  Specifically, documents that address when the mine ran out of coal and any resumption of mining activity shall be produced by February 15, 2008.

### C. Defendants Damages Expert Disclosure Deadline

Disclosures required by Fed. R. Civ. P 26(a)(2), including reports from a retained expert regarding plaintiff's damages claimed in plaintiff's answer and supplemental answer to Interrogatory No. 5, shall be served by defendant by March 14, 2008.  Plaintiff may depose this expert by April 4, 2008

### D. Deposition of Phillip Tearney

Linn County shall be given the opportunity to further depose Mr. Phillip Tearney at a time mutually convenient for the parties.  This deposition shall be limited to two hours and shall relate only to damages resulting from the diminution in value of plaintiff's conditional use permit and its lost business opportunities.

### E. Continental Coal Inc.'s Document Requests

Counsel for Linn County has agreed to produce by February 15, 2008, the following documents:

1. Billing records from Mr. Gary Thompson, former attorney for Linn County. These records may be redacted for relevance regarding work he performed for Linn County that was not related to the Cunningham lawsuit or Continental Coal, Inc. Any claim of privilege has already been waived.

2. Drafts or final copies of Mr. Thompson's motion for summary judgment that was never filed in the state action between Linn County and the Cunninghams.

3. Linn County's Board of Commissioners manual given to each new member when they take office.

Based on the affirmative statements make by counsel for defendant Linn County, the modifications contained in this order resolve any objections contained in Defendant Linn County's Motion to Review Magistrate's Order on Extension of Time to Extend Scheduling Order Deadlines (Doc. 164) and is therefore moot.

**IT IS SO ORDERED.**

Dated this 1st day of February, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge