# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CONTINENTAL COAL, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 06-2122-KHV** |
| **MATT CUNNINGHAM, LAURA CUNNINGHAM,** ) | |
| **and BOARD OF COUNTY COMMISSIONERS OF** ) | |
| **LINN COUNTY, KANSAS,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

On April 3, 2006, Continental Coal, Inc. ("Continental") filed suit against Matt and Laura Cunningham and the Board of County Commissioners of Linn County, Kansas ("Board"). Under 42 U.S.C. § 1983, Continental alleges that by attempting to modify the hours of operation of a conditional use permit for it to mine coal on property in Linn County, Kansas, defendants violated its rights to procedural due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution. Continental also asserts state law claims for tortious interference with contracts, business relationships and prospective business relationships, abuse of process and malicious prosecution. This matter is before the Court on <u>Defendant Linn County's Objections To Magistrate's Order On Motion To Compel</u> (Doc. #133) filed December 21, 2007. For reasons stated below, the Court overrules the Board's objections.

## Legal Standards

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a *de novo*

review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Id.; see also Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

**Factual Background**

Continental's damage claim includes attorney fees and expenses which it incurred in state court and regulatory proceedings relating to the conditional use permit. In response to defendants' discovery requests, Continental produced attorney billing statements for the fees which it seeks, but it redacted portions of the narrative descriptions on the basis of attorney-client privilege or work-product. The Board moved to compel the production of the unredacted statements. Linn County's Motion To Compel Discovery (Doc. #72) filed August 10, 2007. After reviewing the redacted and unredacted billing statements, the Magistrate Judge ordered Continental to disclose the redacted information in five places, but otherwise denied the motion to compel. Order (Doc. #120) filed December 7, 2007.

**Analysis**

**I.     Implied "At Issue" Waiver**

The Board argues that the Magistrate Judge erred in failing to address its argument "regarding waiver of the attorney-client privilege on the basis that Continental elected to put its

2

attorneys' fees at issue as a component of its claimed damages." The Board argues that in seeking its attorney fees as damages, Continental impliedly waived any privilege relating to the redacted portions of the billing statements under the three-part balancing test first enunciated in Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975). See Frontier Ref. v. Gorman-Rupp Co., 136 F.3d 695, 699-701 (10th Cir. 1998) (discussing approaches to implied waiver and applying Hearn test); Williams v. Sprint/United Mgmt. Co., 464 F. Supp.2d 1100, 1104 (D. Kan. 2006) (applying Hearn test as approach Tenth Circuit would adopt).

The Court agrees with Continental, however, that the Board did not raise this issue in its original motion before the Magistrate Judge, as required for this Court's review. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) (issues raised for first time in objections to magistrate judge recommendation deemed waived); accord United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001). In the opening brief in support of its motion to compel, the Board argued that Continental had placed the reasonableness of its fees at issue (i.e., the amount of the fees) by filing the present action. The Board now argues that the billing statements are discoverable in their entirety under the specific doctrine of waiver, as determined under a particular three-part test. The Board's opening brief never referred to that specific waiver doctrine or test. Furthermore, the Board never cited any cases discussing waiver or applying the Hearn test.

In its reply brief, the Board again argued that Continental had put its fees "front and center" in the suit and claimed that the statements were the "best evidence" and "clearly probative" of the reasonableness of the fees. In support of that argument, the Board cited one case with the following parenthetical: "discussing 'at issue' attorney-client waiver tests and application of Hearn v. Rhay . . . ." Again, however, the Board did not specifically argue that Continental had waived any

3

privilege, nor did it attempt to apply the Hearn three-part test to Continental's billing statements.

In merely arguing that Continental had placed its fees at issue in this suit, the Board did not adequately raise the issue of implied waiver under Hearn for the Magistrate Judge's consideration. Moreover, the Board did not properly raise that issue by the single citation, without analysis, in its reply brief.  See IMC Chems. v. Niro, Inc., 30 F. Supp.2d 1328, 1330 (D. Kan. 1998) (court does not consider new issues in reply briefs).  Accordingly, this Court may not consider the issue on review of the Magistrate Judge's order, and the Board's objection is overruled.[1]

## II.   Magistrate Judge's Order With Respect To Particular Redactions

It is unclear from the Board's objections whether it also seeks review of the Magistrate Judge's findings that except in five particular places, the redacted portions were in fact privileged. To the extent that the Board does assert such an objection, the objection is overruled.  The Board has not cited any particular redaction as improper.  Instead it appears to argue generally that Continental did not show that any of the redacted material was indeed privileged.  The Magistrate Judge demanded a supplemental privilege log and reviewed each redaction for privileged material. The Magistrate Judge did not simply accept all of the proposed redactions, but instead ordered five additional disclosures.  Under the standard of review set forth above, the Board has not shown that the Magistrate Judge clearly erred with respect to any redaction.

**IT IS THEREFORE ORDERED** that the Defendant Linn County's Objections To

---

[1] In its briefs to this Court, the Board did not cite any cases applying Hearn or otherwise discussing waiver in the context of billing statements.  Furthermore, in arguing that the unredacted portions do not suffice for its defense, the Board did not cite any particular examples from the billing statements.  Accordingly, even if the Court considered the Board's implied waiver argument at this time, the Court could not conclude that the Magistrate Judge erred in refusing to compel additional disclosures.

<u>Magistrate's Order On Motion To Compel</u> (Doc. #133) filed December 21, 2007 be and hereby are **OVERRULED**.

Dated this 5th day of March, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Court