IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONTINENTAL COAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2122-KHV |
| MATT CUNNINGHAM, LAURA CUNNINGHAM, ) | |
| and BOARD OF COUNTY COMMISSIONERS OF ) | |
| LINN COUNTY, KANSAS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On April 3, 2006, Continental Coal, Inc. ("Continental") filed suit against Matt and Laura Cunningham and the Board of County Commissioners of Linn County, Kansas ("Board"). Under 42 U.S.C. § 1983, Continental alleges that by attempting to modify the operating hours of its conditional use permit to mine coal in Linn County, Kansas, defendants violated its rights to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.[1] Continental also asserts state law claims for tortious interference with contracts, business relationships and prospective business relationships, abuse of process and malicious prosecution. This matter is before the Court on Defendant Linn County's Motion For Review Of Magistrate's Order And Objections To Said Order On The Scope Of Plaintiff's Equal Protection Claims (Doc. #162) filed January 28, 2008. For reasons stated below, the Court overrules defendant's motion.

---

[1] On March 2, 2007, the Court dismissed plaintiff's procedural due process claims against all defendants and plaintiff's equal protection claim against the Cunninghams. See Memorandum And Order (Doc. #44) at 36-37.

**Legal Standards**

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a *de novo* review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

**Factual And Procedural Background**

On September 19, 2003, Continental submitted to the Board an application for a conditional use permit ("CUP") and a conceptual plan for Lucky Strike Mine in Linn County. On October 22, 2003, the Board granted Continental a CUP. A condition of the CUP was that Continental's mining operations "be conducted as proposed on all submitted plans and documents as amended."

On December 10, 2003, Matt and Laura Cunningham, residents of Linn County, filed suit against the Board in the District Court of Linn County. The Cunninghams challenged the reasonableness of Continental's CUP under K.S.A. § 12-760(a). The Cunninghams alleged that they had purchased a 113 acre tract on July 14, 2000, including a hilltop residence known as the Cedar Crest Lodge, a bed and breakfast facility which overlooked Continental's proposed mining operation

in the unincorporated portion of Linn County. Continental was not a party to the Linn County lawsuit.

On April 4, 2005, the Linn County District Court entered a stipulated order which noted that Condition 2 of the CUP, which required that Continental's mining operations be conducted as proposed on all submitted plans and documents "as amended," was "vague and ambiguous and should be remanded to the Board for clarification of the hours of operation." Continental was not consulted about the order of April 4, 2005 and never agreed that the CUP should be remanded. After Continental learned about the order, it immediately told the Cunninghams and the Board that the order had no effect on it because Continental was not a party to the Linn County lawsuit.

On September 16, 2005, at the Board's request, Continental requested that its CUP be amended to allow its trucks on all public roads and to modify its hours of operation to seven days a week, 24 hours a day. Before the Board's scheduled hearing on November 18, 2005, Continental withdrew its request to modify the hours of operation. On November 18, 2005, the Board unanimously adopted an amended CUP which permitted Continental to use a nearby road. Neither Continental nor the Cunninghams appealed the amended CUP.[2]

On December 22, 2005, because the Board had not attempted to clarify Continental's hours of operation, the Cunninghams filed a motion in the Linn County lawsuit to have the Board held in

---

[2] The amended CUP contained the same condition as the original CUP, i.e. Continental's mining operations "shall be conducted as proposed on all submitted plans and documents as amended." Complaint (Doc. #1) ¶ 142. The plans and documents which Continental submitted contained only two provisions which related to hours of operation. Continental's application stated that "[t]ypically, the mine will employ 10-15 people; and operate during daylight hours, Monday through Friday. However, equipment breakdowns, weather and/or market conditions may require additional operating hours." Id. ¶ 144. Continental's application also stated "[t]he applicant does not propose to work nights or weekends; except under rare situations, therefore the impacts of noise should be minimal." Id. ¶ 145.

contempt of the order of April 4, 2005. At a hearing on March 17, 2006, the Cunninghams and the Board asked the District Court to enter an agreed journal entry. It entered a journal entry which stated in part as follows:

> 15. As a result of the defendant's contemptuous failure to comply with the prior Orders of this Court, this Court specifically finds that the hours of operation of Continental Coal shall be the same as construed by Linn County Counsel Gary E. Thompson's correspondence dated April 5, 2005, namely, that "any operation occurring outside daylight hours Monday through Friday shall be a violation of the CUP terms" and "daylight hours would be defined literally, that is by sunset and sunrise times."
>
> 16. In order to address the parties' concerns of [Continental's] ability to work on weekends in emergency situations, the Court specifically finds that in the event of a true emergency when it becomes necessary to do so, the operators may also work on Saturday mornings from daylight until noon, but in no event shall operations continue beyond that point in time on Saturdays and they may also work on Sundays from noon until sunset." * * *
>
> . . . the hours of operation of Conditional Use Permit No. 0903291 shall be and hereby are clarified as specifically set forth herein.

Journal Entry, Exhibit 12 to Board's Memorandum (Doc. #20) at 5-6.

At a meeting of the Board on March 27, 2006, Continental advised that (1) the stipulated order of April 4, 2005 and the journal entry of March 17, 2006 only mentioned the original CUP and (2) Continental was properly operating under the amended CUP, which had not been appealed and was not mentioned in the stipulated order or journal entry. On March 31, 2006, the Board advised Continental that (1) the original CUP and the amended CUP were one and the same and that both were equally impacted by the stipulated order and journal entry and (2) any operation that was not in accord with the journal entry would be deemed a violation and subject to penalties.

On April 3, 2006, Continental filed this suit against the Cunninghams and the Board. The Board's motion for review addresses the scope of Continental's equal protection claim. On

January 14, 2008, after a pretrial hearing, Magistrate Judge K. Gary Sebelius construed plaintiff's equal protection claim as asserting that the Board disregarded applicable law by (1) failing to require the Cunninghams, a business similarly situated to Continental, to obtain a conditional use permit and (2) treating Continental differently than all *other* similarly situated businesses in Linn County. See Order (Doc. #145) at 5. The Board argues that Continental's equal protection claim should be limited to the first theory.

## **Analysis**

The Board argues that in allowing Continental to include an equal protection theory based on comparison to all other similarly situated businesses, the magistrate judge ruling was clearly erroneous or contrary to law. In particular, the Board argues that Continental's pleadings and response to defendants' motion to dismiss included only a claim based on comparison with the Cunninghams, not other businesses. Judge Sebelius throughly addressed the Board's arguments and concluded that "plaintiff alleged sufficient facts to put defendant County on sufficient notice that plaintiff also intended to base its Equal Protection claim on Linn County's treatment of plaintiff compared to all other similarly situated businesses, and not just the Cunninghams." Order (Doc. #145) at 5 (footnotes omitted).

The Board maintains that the magistrate erred because in the original and first amended complaints, Continental only asserted an equal protection claim based on the Cunninghams as a similarly situated business. Continental certainly included more factual detail on the equal protection theory with respect to the Cunninghams, but its allegations were not so restricted to preclude a comparison of Board action against Continental versus similarly situated businesses other than the Cunninghams. Judge Sebelius noted as follows:

> In its First Amended Complaint, Continental alleges that "The Zoning Regulations of Linn County, Kansas require all similarly situated businesses identified therein to comply with its terms." Plaintiff also alleges that "[t]he failure of the Board and its agents to uniformly apply the requirements of the Zoning Regulations of Linn County, Kansas and its invidious discrimination against Plaintiff denies Plaintiff equal protection of the laws" and that "the Board and its agents have joined forces with the Cunninghams and their agents to act in concert and conspire to allow the Cunninghams to do that which they had no legal right to do at all – cause an amendment to the Original Use Permit."
>
> In its claim for Denial of Equal Protection, Continental alleges, without qualification or limitation to the Cunninghams, that: (1) the Board denied Continental equal protection; (2) The Board unreasonably discriminated against Plaintiff; and, as a result, (3) Continental was damaged. Additionally, plaintiff's prayer for relief in subparagraph (b) of its equal protection count requests the Court to issue "[i]ts Order permanently requiring the Board to apply the provisions of the Zoning Regulations of Linn County, Kansas to all similarly situated persons and entities including the Cunninghams[.]"

Order (Doc. #145) at 5-6 (footnotes omitted). In addition, Judge Sebelius noted that the parties had conducted extensive discovery regarding how the County treated other similarly situated businesses, not just the Cunninghams. See id. at 6. The Board has presented well-reasoned arguments why plaintiff's equal protection claim should be limited to the theory that it treated plaintiff differently than the Cunninghams, but it has not shown that the magistrate judge's ruling to construe the complaints as asserting a more general claim is clearly erroneous or contrary to law.

The Board argues that the magistrate erred in construing the scope of Continental's equal protection claim because Continental's briefing on the motion to dismiss and this Court's order on that motion were restricted to an equal protection theory based only on comparison between Board action against Continental and the Cunninghams. On this issue, Judge Sebelius noted as follows:

> To the extent defendant County argues that Judge Vratil has construed plaintiff's Equal Protection claim as only considering the County's treatment of the Cunninghams and not other similarly situated businesses, the court is not persuaded. Judge Vratil did characterize plaintiff's Equal Protection claim as "Continental has stated an equal protection claim against the Board. Continental alleges that (1) its

-6-

> business and the Cunninghams' business are similarly situated; (2) the Board has refused to require the Cunninghams to obtain a CUP for their business even though such a permit is required by the Linn County zoning regulations; and (3) the Board intentionally and unreasonably treated Continental differently for the personal benefit of the Cunninghams." Defendant County takes this characterization to mean that Judge Vratil has already decided the matter. The court disagrees.
>
> Judge Vratil characterized plaintiff's Equal Protection claim more generally as "alleg[ing] that defendants violated its right to equal protection of the laws when it did not uniformly apply the Linn County zoning regulations." Defendant County initiated the Motion to Dismiss and framed the Equal Protection claim as relating to merely plaintiff and the Cunninghams, and not other similarly situated businesses. Additionally, when Judge Vratil decided the matter, the court had stayed discovery pending the resolution of the defendants' Motions to Dismiss so little to no discovery had taken place regarding the means by which the County may have denied plaintiff its right to Equal Protection. Accordingly, the court finds that Judge Vratil's characterization of plaintiff's Equal Protection claim does not necessarily deny plaintiff the ability to prove its claim in the manner it seeks and, as a result, such claim regarding similarly situated businesses, including defendant Cunningham, should be included in the final pretrial order.

Order (Doc. #145) at 6-8 (footnotes omitted). In the order on the Board's motion to dismiss, the Court did not address the scope of Continental's equal protection claim and whether Continental could compare itself to businesses other than the Cunninghams. See Memorandum And Order (Doc. #44). Accordingly, the magistrate judge ruling that plaintiff's briefing and the Court's prior order on the motion to dismiss does not preclude a claim based on comparison with businesses other than the Cunninghams is not clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED** that Defendant Linn County's Motion For Review Of Magistrate's Order And Objections To Said Order On The Scope Of Plaintiff's Equal Protection Claims (Doc. #162) filed January 28, 2008 be and hereby is **OVERRULED**.

Dated this 23rd day of April, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court
