## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CONTINENTAL COAL, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 06-2122-KHV** |
| MATT CUNNINGHAM, LAURA CUNNINGHAM, | ) | |
| and BOARD OF COUNTY COMMISSIONERS OF | ) | |
| LINN COUNTY, KANSAS, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

On April 3, 2006, Continental Coal, Inc. ("Continental") filed suit against Matt and Laura
Cunningham and the Board of County Commissioners of Linn County, Kansas ("Board").  Under
42 U.S.C. § 1983, Continental alleges that by attempting to modify the hours of operation of a
conditional use permit for it to mine coal on property in Linn County, Kansas, defendants violated
its rights to due process and equal protection under the Fifth and Fourteenth Amendments to the
United States Constitution.[1]  Continental also asserts state law claims for tortious interference with
contracts, business relationships and prospective business relationships, abuse of process and
malicious prosecution.  This matter is before the Court on Defendant Linn County's Motion To
Review Magistrate's Order Denying Motion To Strike/Disallow Plaintiff's Supplemental
Interrogatory Answer/Damages Disclosure (Doc. #173) filed February 11, 2008.  For reasons stated

---

[1]      On March 2, 2007, the Court dismissed plaintiff's procedural due process claims
against all defendants and plaintiff's equal protection claim against the Cunninghams.  See
Memorandum And Order (Doc. #44) at 36-37.

below, the Court overrules defendant's motion.[2]

## Legal Standards

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law."  Rule 72(a), Fed. R. Civ. P.; 28 U.S.C. § 636(b)(1)(A).  The Court does not conduct a *de novo* review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law."  Id.; see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997).  The Court is required to affirm the magistrate's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."  Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

## Factual And Procedural Background

On September 19, 2003, Continental submitted to the Board of County Commissioners of Linn County, Kansas an application for a conditional use permit ("CUP") and conceptual plan for Lucky Strike Mine in Linn County.  On October 22, 2003, the Board granted Continental a CUP. A condition of the CUP was that Continental's mining operations "be conducted as proposed on all submitted plans and documents as amended."

---

[2]    On March 25, 2008, Continental filed a motion for leave to file a surreply.  See Continental Coal, Inc.'s Motion For Leave To File A Surreply (Doc. #192).  Because the Court finds in favor of Continental based on the original memorandum, response and reply, the Court overrules Continental's motion as moot.

On December 10, 2003, Matt and Laura Cunningham, residents of Linn County, filed suit against the Board in the District Court of Linn County, Kansas. The Cunninghams challenged the reasonableness of Continental's CUP under K.S.A. § 12-760(a). The Cunninghams alleged that they had purchased a 113 acre tract on July 14, 2000 including a hilltop residence known as the Cedar Crest Lodge, a bed and breakfast facility, which overlooked Continental's proposed mining operation in the unincorporated portion of Linn County. Continental was not a party to the Linn County lawsuit.

On April 4, 2005, the Honorable Richard M. Smith of the Linn County District Court entered a stipulated order which noted that Condition 2 of the CUP, which required that Continental's mining operations "shall be conducted as proposed on all submitted plans and documents as amended," was "vague and ambiguous and should be remanded to the Board for clarification of the hours of operation in order to comply with the terms and provisions of Continental's application and the Commissioners' intent to limit the same."[3] After Continental learned of the order, Continental immediately told the Cunninghams and the Board that the order had no effect on Continental because it was not a party to the Linn County lawsuit.

On September 16, 2005, at the Board's request, Continental requested that its CUP be amended to allow its trucks on all public roads and to modify its hours of operation to seven days a week, 24 hours a day. Before the Board's scheduled hearing on November 18, 2005, Continental withdrew its request to modify the hours of operation. On November 18, 2005, the Board unanimously adopted an amended CUP which permitted Continental to use a nearby road. Neither

---

[3]        Continental was not consulted about the order of April 4, 2005 and has never agreed to its terms.

Continental nor the Cunninghams appealed the amended CUP.[4]

On December 22, 2005, because the Board had not attempted to clarify Continental's hours of operation, the Cunninghams filed a motion in the Linn County lawsuit to have the Board held in contempt of the order of April 4, 2005.  At a hearing on March 17, 2006, the Cunninghams and the Board asked Judge Hart to enter an agreed journal entry.  Judge Hart signed the journal entry, which stated in part as follows:

> 15.    As a result of the defendant's contemptuous failure to comply with the prior Orders of this Court, this Court specifically finds that the hours of operation of Continental Coal shall be the same as construed by Linn County Counsel Gary E. Thompson's correspondence dated April 5, 2005, namely, that "any operation occurring outside daylight hours Monday through Friday shall be a violation of the CUP terms" and "daylight hours would be defined literally, that is by sunset and sunrise times."
>
> 16.    In order to address the parties' concerns of [Continental's] ability to work on weekends in emergency situations, the Court specifically finds that in the event of a true emergency when it becomes necessary to do so, the operators may also work on Saturday mornings from daylight until noon, but in no event shall operations continue beyond that point in time on Saturdays and they may also work on Sundays from noon until sunset." * * *
>
> . . . the hours of operation of Conditional Use Permit No. 0903291 shall be and hereby are clarified as specifically set forth herein.

Journal Entry, Exhibit 12 to Board's Memorandum (Doc. #20) at 5-6.

At a Board of County Commissioners meeting on March 27, 2006, Continental advised that

---

[4]    The amended CUP contained the same condition as the original CUP, i.e. Continental's mining operations "shall be conducted as proposed on all submitted plans and documents as amended."  Complaint (Doc. #1) ¶ 142.  The plans and documents which Continental submitted contained only two provisions which related to hours of operation.  Continental's application stated that "[t]ypically, the mine will employ 10-15 people; and operate during daylight hours, Monday through Friday.  However, equipment breakdowns, weather and/or market conditions may require additional operating hours."  Id., ¶ 144.  Continental's application also stated "[t]he applicant does not propose to work nights or weekends; except under rare situations, therefore the impacts of noise should be minimal."  Id., ¶ 145.

(1) the stipulated order of April 4, 2005 and the journal entry of March 17, 2006 only mentioned the original CUP and (2) Continental was properly operating under the amended CUP, which had not been appealed and was not mentioned in the stipulated order or journal entry.  On March 31, 2006, the Board advised Continental that (1) the original CUP and amended CUP were one and the same and that both were equally impacted by the stipulated order and journal entry and (2) any operation that was not in accord with the journal entry would be deemed a violation and subject to penalties.

On April 3, 2006, Continental filed this suit against the Cunninghams and the Board.  On July 21, 2006, in its Initial Disclosure statement, Continental stated that "it is seeking not only declaratory and injunctive relief but also compensatory damages sustained as a result of defendants' conduct in an amount to be proved at trial, plus pre-judgment and post-judgment interest."  Continental also stated that "[i]n addition, the effect of defendants' conduct has been to stop Continental Coal from pursuing new contracts, as defendants' conduct has prevented or put into doubt plaintiff's ability to mine and deliver coal as may be required under such contracts.  The monetary value of the loss of these business opportunities is currently unknown and under further investigation, and is expected to be the subject of expert testimony."

On June 14, 2007, in its First Interrogatories to plaintiff, the Board asked plaintiff to "identify all 'new contracts' or business opportunities plaintiff contends it has been deprived of or elected not to pursue as the alleged result of defendants' alleged conduct."  Interrogatory No. 5.  On July 17, 2007, Continental answered that "[t]he effect of defendants' conduct has been to stop Continental Coal from responding to requests for proposal and pursuing new contracts, as defendants' intentional acts and omissions have prevented or put into doubt plaintiff's ability to mine and deliver coal as may be required under such contracts.  Pursuant to Fed. Rule. Civ. Proc.

33(d), Plaintiff will produce business records from which the answers may be derived and afford

defendant reasonable opportunity to examine, audit or inspect such records."  On July 20, 2007,

Continental identified William Moore and Phillip Tearney as experts in the mining industry.

On September 20, 2007, Judge Sebelius entered a Second Amended Scheduling Order which

stated as follows:

> Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such
> times and under such circumstances as required by that rule.  In addition, such
> supplemental disclosures shall be served October 29, 2007, approximately 40 days
> before the deadline for completion of all discovery.  The supplemental disclosures
> served 40 days before the deadline for completion of all discovery must identify the
> universe of all witnesses and exhibits that probably or even might be used at trial.
> The rationale for the mandatory supplemental disclosures 40 days before the
> discovery cutoff is to put opposing counsel in a realistic position to make strategic,
> tactical, and economic judgments about whether to take a particular deposition (or
> pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by
> another party before the time allowed for discovery expires.  Counsel should bear in
> mind that seldom should anything be included in the final Rule 26(a)(3) disclosures,
> which as explained below usually are filed 21 days before trial, that has not
> previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e)
> supplement thereto; otherwise, the witness or exhibit probably will be excluded at
> trial.  *See* Fed. R. Civ. P. 37(c)(1).

Second Amended Scheduling Order (Doc. #91) at 1-2.  On November 15, 2007, Continental served

a supplemental answer to Interrogatory No. 5 which specified $1.7 million in damages and a

previously undisclosed computation in support of the damages.  The discovery deadline was

December 7, 2007.   On December 11, 2007, the Board filed a motion to strike plaintiff's

supplemental answer to Interrogatory No. 5 because the answer was untimely.  Magistrate Judge K.

Gary Sebelius overruled the Board's motion.  See Order (Doc. #161) filed January 28, 2008.  Judge

Sebelius concluded that Continental had timely supplemented its damage disclosure under

Rule 26(e) and the scheduling order and that even if its disclosure was untimely, any violation of

Rule 26(e) or the scheduling order was harmless.

-6-

### Analysis

The Board argues that in allowing Continental to supplement its damage disclosures out of time, the magistrate judge ruling was clearly erroneous or contrary to law. In particular, the Board argues that Continental's late disclosure violated Rule 26(e) and the Scheduling Order and that its untimely disclosure was not "harmless" under Rule 37(c)(1), Fed. R. Civ. P.

**I.    Continental Compliance With Rule 26(e) And Scheduling Order**

The Board first maintains that the magistrate erred because Continental's damage disclosure was untimely under Rule 26(e), Fed. R. Civ. P., and the scheduling order. Rule 26 requires disclosure of "a computation of each category of damages claimed by the disclosing party" without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1)(A)(iii). If a party learns that a disclosure is incomplete or inaccurate, it must supplement its disclosures and discovery responses in a "timely manner." Fed. R. Civ. P. 26(e)(1)(A).[5] In addition, the scheduling order required that all supplemental disclosures under Rule 26(e) be served by October 29, 2007, approximately 40 days before the close of discovery. See Second Amended Scheduling Order (Doc. #91) at 1-2.

In ruling on the Board's objection to the timeliness of Continental's supplemental disclosure, Judge Sebelius stated as follows:

> The court finds that CCI [Continental] timely supplemented its interrogatory answer. Linn County was aware that CCI claimed these damages as early as July 21, 2006, when CCI made its Initial Disclosures and claimed compensatory damages for lost business opportunities. The interrogatory at the heart of the instate dispute was served June 14, 2007. On July 17, 2007, CCI stated in its initial answer to

---

[5]    Former Rule 26(e) used similar phrases to describe the time to supplement or correct a disclosure. See Advisory Committee Notes to 2007 Amendment, Fed. R. Civ. P. 26 (former rule required that disclosures be supplemented "at appropriate intervals" and that prior discovery response be "seasonably" amended). In practice, a party's obligation to supplement under both the former and current rule is the same. See id.

Interrogatory No. 5 that "[t]he effect of defendants' conduct has been to stop Continental Coal from responding to requests for proposal and pursuing new contracts, as defendants' intentional acts and omissions have prevented or put into doubt plaintiff's ability to mine and deliver coal as may be required under such contracts." While Linn County claims that CCI had over nineteen months to quantify its damages, in reality the interrogatory request was served only last summer, to which CCI timely responded. Thus, CCI was merely quantifying damages already claimed when it supplemented its answers on November 15, 2007, four months after the initial answer. CCI provided the information to Linn County when it became readily available in a quantified amount. Thus, the court concludes the supplementation was both "at an appropriate interval" and "seasonable" and meets the requirements of Rule 26(e).

In addition, the supplementation was not a violation the Scheduling Order. The supplemental answer did not identify any new witnesses, exhibits, theories or claims. Rather, it provided an updated damage calculation regarding the diminution in value of CCI's CUP and lost business opportunities. Because Linn County was well aware that CCI would be claiming these damages, it should have already been in a position to make strategic, tactical and economic judgments about discovering the extent of the alleged damages. In fact, Linn County did conduct discovery on these damages before discovery closed. Therefore, in both practice and purpose, the October 29, 2007 disclosure deadline was complied with fully.

Order (Doc. #161) at 6-7 (footnotes omitted).

The Board argues that Continental could have supplemented its interrogatory answer earlier, but it has not shown that the magistrate's ruling is clearly erroneous or contrary to law. In particular, the Board does not explain how the magistrate erred in finding that Continental did not disclose a new theory of damages, but merely quantified damages which it already had claimed. The magistrate ruling that the Board timely supplemented its interrogatory answer on damages is not clearly erroneous or contrary to law.

## II.   Whether Any Violation Of Rule 26(e) And The Scheduling Order Was Harmless

Even if the magistrate judge erred in finding that Continental did not violate Rule 26(e) or the scheduling order, the Court would affirm his alternative finding that any violation of Rule 26 or the Scheduling Order was harmless. Rule 37(c)(1) provides that a party that without substantial

-8-

justification fails to disclose information required by Rule 26(a) or 26(e) is not – unless such failure is harmless – permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed.  Rule 26 and the scheduling order impose an obligation on plaintiffs to properly disclose their damages and to timely supplement such information as necessary.  See Fed. R. Civ. P. 26(a)(1)(C), 26(e); Hannah v. Roadway Express, Inc., 200 F.R.D. 651, 654 (D. Colo. 2001) (scheduling order not frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril).

Unless a party shows that failure to comply with Rule 26(a) or 26(e)(1) or (2) was substantially justified or harmless, the Court must exclude the undisclosed evidence at trial.  See Fed. R. Civ. P. 37(c)(1); Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998); Cuenca v. Univ. of Kan., No. 98-4180-SAC, 2001 WL 789404, at *3 (D. Kan. May 14, 2001) (exclusion automatic and mandatory unless violation of Rule 26(a) justified or harmless); Hirpa v. IHC Hosps., Inc., 149 F. Supp.2d 1289, 1294-95 (D. Kan. 2001) (burden to show substantial justification or harmlessness on party who failed to make required disclosure).  The failure to disclose is harmless when the party entitled to disclosure is not prejudiced.  Umbenhower v. Copart, Inc., 222 F.R.D. 672, 675 (D. Kan. 2004) (citation omitted).  The Court need not make explicit findings, however, whether nondisclosure was justified or harmless.  See Woodworker's Supply, Inc. v. Principal Mut. Life, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).  Rather, the Court should use its discretion in evaluating the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  Id. (citations omitted).

Here, the magistrate evaluated each of the four factors.  In particular, he concluded that (1) the Board was not surprised or prejudiced because Continental had merely provided damage calculations to supplement the type of damages already claimed; (2) the Board had adequate time to alleviate any prejudice because it received the supplemental information before it took the depositions of Continental's experts; (3) limited discovery related to the damages which Continental claimed in its supplemental answer would not impact trial; and (4) Continental did not act in bad faith.  See Order (Doc. #161) at 8-11.  The Court cannot find that the magistrate abused his discretion in evaluating the above factors.  See Byrne v. Gainey Transp. Servs., Inc., No. 04-2220-KHV, 2005 WL 1799213, at *3-4 (D. Kan. July 11, 2005) (failure to give specific dollar amount of damages until one month after close of discovery harmless because calculations not complicated, defendant had access to part of information and defendant could have cured any prejudice by seeking leave to re-open discovery).[6]  Accordingly, the Court overrules the Board's motion to review the magistrate judge's ruling.

**IT IS THEREFORE ORDERED** that Defendant Linn County's Motion To Review Magistrate's Order Denying Motion To Strike/Disallow Plaintiff's Supplemental Interrogatory Answer/Damages Disclosure (Doc. #173) filed February 11, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Continental Coal, Inc.'s Motion For Leave To File A Surreply (Doc. #192) filed March 25, 2008 be and hereby is **OVERRULED as moot**.

---

[6] The Board repeatedly states that the specific discovery which the magistrate allowed to cure any prejudice may not be sufficient.  If the discovery responses are insufficient, however, the Board's remedy is to file a motion to compel or to seek further relief.  The Court cannot evaluate the adequacy of Continental's additional disclosures based on the present record.  At a status conference on March 12, 2008, the magistrate addressed the Board's arguments on this issue.  See Order (Doc. #190).

Dated this 28th day of April, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court
