**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CONTINENTAL COAL, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 06-2122-KHV** |
| **MATT CUNNINGHAM, LAURA CUNNINGHAM,** ) | |
| **and BOARD OF COUNTY COMMISSIONERS OF** ) | |
| **LINN COUNTY, KANSAS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

On April 3, 2006, Continental Coal, Inc. ("Continental") filed suit against Matt and Laura Cunningham and the Board of County Commissioners of Linn County, Kansas. Under 42 U.S.C. § 1983, Continental alleges that by attempting to modify the hours of operation of a conditional use permit to mine coal on certain property in Linn County, Kansas, defendants violated its rights to procedural due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution. Continental also asserts state law claims for tortious interference with business expectancies, abuse of process and malicious prosecution. On May 15, 2008, the Court sustained the Board's motion for summary judgment. See Memorandum And Order (Doc. #243). The Court also ordered Continental to show cause why its claim against the Cunninghams for declaratory relief as to the validity of the orders of the Linn County District Court remains for trial.[1]

---

[1] On January 24, 2008, in the United States Bankruptcy Court for the District of Kansas, the Cunninghams filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. See No. 08-20109 (Bankr. D. Kan.). This filing automatically stayed Continental's damage claims against the Cunninghams. On April 24, 2008, over the Board's objection, the bankruptcy court approved a stipulation between Continental, the Cunninghams and the bankruptcy trustee which provided that the stay did not affect Continental's claims against the Board or any claim that
(continued...)

This matter is before the Court on plaintiff's Response To Order To Show Cause (Doc. #245) filed May 23, 2008.

## Analysis

**I.    Declaratory Judgment Claim Against Board**

Continental argues that the Court did not rule on its declaratory judgment claim against the Board. In its order of May 15, 2008, the Court sustained the Board's motion for summary judgment on all claims. The Court did not separately address Continental's claim for declaratory relief because Continental did not prevail on any of the underlying claims. In addition, for reasons stated below, the Court finds that Continental is not entitled to declaratory relief against the Board.

The Supreme Court has held that the Declaratory Judgment Act ("DJA") "validly confer[s] jurisdiction on federal courts to issue declaratory judgments in appropriate cases." Calderon v. Ashmus, 523 U.S. 740, 745 (1998). 28 U.S.C. § 2201(a) provides, as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). Section 2201 thus provides federal courts discretion to grant declaratory relief. Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1273 (10th Cir. 1989).

In conformity with the case or controversy limitation of the Constitution, to warrant declaratory judgment under the DJA, plaintiff must establish that the controversy is (1) definite and concrete, touching on the legal relations of the parties; and (2) of sufficient immediacy and reality.

---

[1](...continued)
the orders of the Linn County District Court are invalid and unenforceable.

Executive Risk Indem. Inc. v. Sprint Corp., 282 F. Supp.2d 1196, 1202 (D. Kan. 2003). Whether a case or controversy exists is a matter of degree. Id. The ultimate question is whether declaratory relief will have some effect in the real world. Citizens for Responsible Gov't State Political Action Comm. v. Davidson, 236 F.3d 1174, 1182 (10th Cir. 2000) (citing Kennecott Utah Copper Corp. v. Becker, 186 F.3d 1261, 1266 (10th Cir. 1999)). That the relief sought would give plaintiff the satisfaction of a declaration that it was wronged in the past is insufficient to create an actual, live controversy. Bauchman for Bauchman v. West High Sch., 132 F.3d 542, 548–49 (10th Cir. 1997) (case or controversy requirement not met because declaratory relief claim found moot).

Continental and the Board agree that the Linn County District Court orders are unenforceable against Continental. In addition, the Court has already ruled that "any attempt to modify the CUP failed and the Journal Entry had no legal effect." Memorandum And Order (Doc. #243) at 16. Continental has not shown an appreciable risk that the Board will attempt to enforce the Journal Entry. Based on the Board's judicial admission in this proceeding that the Linn County orders are not enforceable and the Court's ruling in this case, the Court finds that the risk of the Board attempting to enforce the Journal Entry is negligible or non-existent. No live controversy exists between Continental and the Board as to the enforceability of the Linn County District Court orders. Continental is not entitled to declaratory judgment in this regard.

**II.     Declaratory Judgment Claim Against Cunninghams**

Continental also argues that it is entitled to declaratory judgment on its claim against the Cunninghams. The Board argues that because the Cunninghams did not file a response, the Court should issue a declaratory judgment that the Journal Entry is unenforceable as to all of the parties in this lawsuit. See Reply To Continental's Response To Order To Show Cause (Doc. #246) filed

June 4, 2008 at 5-6.  At the same time, the Board concedes that no live controversy remains between the parties as to the enforceability of the state court orders.  See id. at 5.  Continental has not suggested that the Cunninghams may attempt to enforce the Journal Entry.[2]  Absent a definite and concrete controversy which touches on the legal relations of the parties and is of sufficient immediacy, the Court declines to grant declaratory relief.  See Executive Risk, 282 F. Supp.2d at 1202.[3]

**IT IS THEREFORE ORDERED** that Continental has not shown cause why its claim for declaratory relief should remain for trial.  As explained in the Court's prior order, the following claims remain in this case: Continental's claims against the Cunninghams for conspiracy under 42 U.S.C. § 1983 and tortious interference, abuse of process and malicious prosecution under Kansas law.  Because of the bankruptcy stay of claims against the Cunninghams, the Court directs the Clerk to administratively close this case pending the completion of the bankruptcy proceedings.

---

[2] As explained above, the Court has already ruled that "any attempt to modify the CUP failed and the Journal Entry had no legal effect."  Memorandum And Order (Doc. #243) at 16.  In other words, the Court determined that the Journal Entry obtained by the Cunninghams and the Board was not enforceable against Continental.  Continental has not shown that a formal declaration to this effect would further resolve any controversy between the parties.

[3] The DJA is an enabling act and does not confer an absolute right to relief.  Id.  The Court must consider several factors, including whether (1) a declaration would settle the controversy; (2) it would serve a useful purpose in clarifying the legal relations at issue; (3) the declaration is merely being used for "procedural fencing" or "to provide an arena for a race to res judicata;" (4) use of declaratory relief would increase friction between federal and state courts and encroach upon state jurisdiction; and (5) a better and more effective remedy is available.  State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994) (citing Allstate Ins. Co. v. Green, 825 F.2d 1061, 1063 (6th Cir. 1987)).  Even assuming that a live controversy existed as to the enforceability of the Journal Entry, the Court would decline to issue a declaration which essentially vacates a state court order when Continental could pursue a better and more effective remedy in state court.

Dated this 1st day of August, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court